MAY TERM.
1842.

HICKS & HAMMOND V. PERRY

Hicks & Hammond v. Perry.

When more propety is sold by a sheriff, *under execution*, than is sufficient to satisfy the execution, and the property could have been sold in parcels, the court will set aside the sale on motion, but the motion must be made by a party, whose rights are affected by the sale.

Appeal from the Washington Circuit Court.

COLE for Appellants.

SCOTT & ZEIGLER for Appellee.

*Opinion of the Court, delivered by Scott, Judge.*

An execution was issued from the circuit court of Washington county, against John C. Scott, John Perry, and Joseph M. Stephenson, for the sum of $318 07¾, directed to the sheriff of Jefferson county. Under this execution, the sheriff, Hammond, levied on two tracts of land, containing, together, 204 acres, in each of which, Scott was entitled to an undivided half, although doubts were entertained as to the extent of his interest. After advertising that the lands would be sold between the hours of nine and ten o'clock, of the day appointed for the sale, the sheriff on that day, during the session of the circuit court, sold the two tracts together, and not in parcels, for the sum of five dollars, there being no higher bid; Hicks was the purchaser. Under this state of facts, John Perry, one of the defendants in the execution, and who, it appears, is a mere security for Scott, moved the court to set aside the sale, on the ground of irregularity; and alleged as a further cause, that there was fraud and collusion between Hammond and Hicks: all fraud and collusion between the appellants, was expressly denied, and there was no evidence of its existence. The court set aside the sale, and the cause is brought here by appeal. The land sold was the property of Scott. There is no allegation that he is unable to pay his debts, or that he is colluding with the appellants, nor is there any circumstance from which such a presumption can arise. This ne-

cessarily leads to the inquiry, why should Perry inter- MAY TERM.<br>1842.
fere in this matter? and had he even a right to interfere,
does not the silence and acquiescence of Scott repel the Hicks & Hammond v.<br>Perry.
charge that there was a sacrifice of the property. When more
property is sold than is sufficient to satisfy a debt, and the
property could have been sold in parcels, a court would set *When more property is sold by a sheriff, under execution,*
aside the sale. This appears to be the meaning of the 26th
sec. of the act concerning executions. In this case, the
property sold did not pay the debt, and it does not appear *than is sufficient to satisfy the execution,*
that the biddings were affected by the circumstance, that
both tracts were sold together. We do not mean to say, *and the property could*
that a sheriff would be justified in offering at the same time, *have been sold*
different tracts of land, whether contiguous to each other or *in parcels, the court will set*
not, where it appears that a diminished price was the conse- *aside the sale*
quence of such a mode of sale. The law entrusts a sheriff *on motion, but the motion*
with a discretion in conducting sales; he is the agent of both *must be made*
parties, and should dispose of the property in such a man- *by a party, whose rights*
ner as will promote the interest of both plaintiff and de- *are affected by the sale.*
fendant. Had Scott, himself, complained, the sheriff should
have been compelled to show, that by offering both tracts
together he was not damnified. As he acquiesces in the
conduct of the sheriff, we do not think that the sale should
have been set aside. If the sheriff has sacrificed the pro-
perty, the party aggrieved has his remedy by action against
him.

Judgment reversed.