LINEY *et al.*, Plaintiffs in Error, v. MARTIN, Defendant in Error.

1. Where different causes of action are joined in the same petition, they must each affect all the parties to the action.

### *Error to Ralls Circuit Court.*

This is an action by Thomas Liney and Juliana his wife, and Sarilda J. Newcome, a minor, against William Martin.

The petition is substantially as follows: Plaintiff states that James Newcome, in the year 1837, was the owner of three several tracts of land [describing them]; that in June, 1837, he intermarried with one of the plaintiffs, Juliana Liney, then Crockett; that afterwards, in July, 1837, he sold two of said tracts to defendant and conveyed the same by deed of that date, in which deed said plaintiff relinquished her dower at the solicitation of her husband and the defendant; that afterwards, in August, 1837, said Newcome abandoned his wife Juliana and went to Texas and there resided; that in 1841 she obtained a divorce from him and in April, 1842, intermarried with the plaintiff Thomas Liney; that Sarilda J. Newcome is the daughter of the plaintiff and the sole heir of the said Newcome; that he died in Texas about 1850; that the said Newcome, with intent to defraud the plaintiff Juliana and to deprive her of her right of dower and then abandon her forever, induced her to sign said deed and to relinquish her dower; that defendant confederated with the plaintiff and made a pretended purchase with the intent to defraud plaintiff of her dower; that no part of the pretended purchase money was paid by said Martin to said Newcome at the time or since; that Newcome abandoned her for many years, and that after the divorce was granted, and in 1845, he returned and sold a part of the lands and offered the balance for sale with the full assent of defendant, and claimed them as his own with the like assent of defendant. Plaintiffs aver that the land in his lifetime was held in trust by defendant for said Newcome; that at his death it descended to the plaintiff Sarilda as his heir; that defendant paid no consideration whatever, but held as aforesaid; that in 1851 defendant, in fraud and violation of said trust, sold one of the tracts to one Bridgford; that this tract so sold was worth one thousand dollars; that defendant still holds one of said tracts under said conveyance. The plaintiffs pray that the said conveyance may be set aside for fraud, or that the defendant be held as trustee for the said Juliana and Sarilda in said land, and in the sum of one

thousand dollars, with interest from February 7, 1851; and that he be held to account for rents and profits of the land now in possession, and for waste, and that the land be decreed to plaintiffs according to their respective rights. The court sustained a demurrer to the petition.

*Pratt*, for plaintiffs in error.

I. The facts show that the defendant holds the lands and money in trust. On the death of Newcome they descended to the plaintiff Sarilda as his heir. This is admitted by the demurrer. The facts being admitted, it follows that the dower attaches to the property in favor of Juliana.

*Broadhead*, for defendant in error.

I. There is a misjoinder of parties and of actions. The same causes of action do not affect both parties to the action.

EWING, Judge, delivered the opinion of the court.

The question in this case involves the sufficiency of the petition. It is urged that there is a misjoinder of parties and actions in the petition, and that the same causes of action do not affect both parties to the action.

From the statement of the case, it is seen that the cause of action, as it respects plaintiff Juliana Liney, was an alleged collusion between James Newcome, deceased, her former husband, and the defendant Martin, with the intent to defraud her of her dower interest in the real estate mentioned in the petition, and that it was consummated by a pretended and fraudulent conveyance of said lands to the defendant. As it respects the plaintiff, Sarilda J. Newcome, the minor heir of said James Newcome, the petition alleges that the same land was held by defendant *in trust* for said James Newcome in his lifetime, and that at his death it descended to plaintiff Sarilda J. as his heir; that in fraud and violation of the trust defendant sold one of said tracts, which is described, to one Richard Bridgford, who holds the same,

and that defendant still holds another of said tracts under the conveyance aforesaid.

In the classification of actions, under the practice act, that may be united in the petition, the plaintiff is restricted to such as arise out of, *first*, the same transaction; or, *second*, contract, express or implied; or, *third*, injuries with or without force to person and property, or either; or, *fourth*, injuries to character; or, *fifth*, claims to recover real property, with or without damages for the withholding thereof, and the rents and profits of the same; or, *sixth*, claims to recover personal property, with or without damages for the withholding thereof; or, *seventh*, claims by or against a party in some representative or fiduciary capacity by virtue of a contract, or by operation of law. But the causes of action so united must all belong to one of these classes, and must affect all the parties to the action. (R. C. 1855, p. 1228.)

So far as the petition shows any cause of action in favor of the plaintiff Sarilda J. Newcome, it is obviously such a one as appropriately belongs to the seventh subdivision of the section just quoted. Upon the facts stated in the petition, no trust could arise in favor of the heir, unless the conveyance was executed *bona fide* to the defendant Martin as trustee, either for herself or for her father. If, as is alleged, the land was held by the defendant as trustee for plaintiff's father, then she can claim only such right in the land as her father had, and she would be estopped from impeaching his conveyance on the ground of fraud. As he could not allege his own fraud, nor impeach his own deed on that ground, neither can the plaintiff as his heir. The right of action of the heir being thus based upon the ground of a trust created and arising upon a conveyance, which, to authorize a recovery, must be presumed valid and untainted with fraud, it follows that it could not be joined with a cause of action arising out of a transaction alleged to be fraudulent and based distinctly upon that ground. This is manifestly the case of plaintiff Juliana Liney. It is based solely upon

the ground of a collusion between Newcome and defendant Martin, and a fraudulent conveyance of the property in controversy with the intent to defraud her of her dower. The judgment will be affirmed; Judge Napton concurring. Judge Scott absent.