MEIR *et al.*, Plaintiffs in Error, v. ZELLE, Defendant in Erorr.

1. Where a sheriff's sale under execution is made by him in the usual way and at the usual place, the sale will not be set aside because the sheriff did not give special notice to the plaintiffs' attorney of such sale, unless it appears that the sheriff promised to give such special notice and failed so to do.
2. Mere inadequacy of price is not sufficient ground for setting aside such sale where it has been conducted fairly and properly in all respects.

### Error to Osage Circuit Court.

*White*, for plaintiffs in error.

I. This sale can not be permitted to stand, it being a well settled question that a sale of separate parcels of land altogether is always sufficient cause for setting it aside ; and the plaintiff in the execution has a right to make the application. (13 How., N. Y., 555 ; 7 Mo. 634 ; Evans v. Ashley, 8 M 177 ; Rector v. Hart, 8 Mo. 448 ; 6 Wend. 522 ; 13 Wen( 24, 30 ; 24 Wend. 143 ; 9 Paige, 339, 100 ; 10 Paige, 243, 487 ; 3 John. Ch. R. 424.)

II. The price being grossly inadequate, the defendant in error can not complain if the courts that pass upon his rights should narrowly scan the proceedings. (23 Mo. 13, 14, 21.)

*Muir & Draffin*, for defendant in error.

I. The court below decided the motion correctly, and no act was done by the purchaser to prevent the property from selling for a higher price. Public policy indicates that such sales ought to be upheld and sustained. Inadequacy of price is not a sufficient ground for setting aside a sheriff's sale of real estate. (Hammond v. Scott, 12 Mo. 9.)

EWING, Judge, delivered the opinion of the court.

This was a proceeding by execution creditors to set aside the sheriff's sale of real estate. The causes alleged in the motion are, the failure of the sheriff to notify the plaintiffs' attorney of the time or hour of the day at which the sale would be made, and gross inadequacy of price.

Meir v. Zelle.

The plaintiff's council in his brief also makes the point that distinct parcels of land were sold together, but the motion is entirely silent as to this, and the fact nowhere appears in the bill of exceptions proper, nor indeed any where except perhaps inferentially, if at all, in the officer's return on the execution. But however this may be, if the two parcels were in fact sold together, for aught that appears it may have been done by the request of the defendant in the execution, in whice case it was the duty of the officer to sell accordingly. (R. C. § 33, p. 744.) The point, however, was not made in the motion, nor otherwise brought to the attention of the court below, so far as we can see from the transcript.

It appears from the bill of exceptions that the executions in the officer's hands amounted to something less than five hundred dollars, and that the property (consisting of a tract of forty acres of land and a town lot,) was worth about five hundred and fifty dollars, on which there was an encumbrance of two hundred dollars. The price at which it was sold by the sheriff was fifty dollars. On the hearing of the motion the sheriff stated that he had no knowledge or recollection that he had been spoken to by the plaintiffs' attorneys or any one else respecting the sale; that the sale was made by him in the usual way and at the usual place before the court-house door, about two o'clock in the afternoon; that there was but one bid, and after delaying some ten minutes for another bid the property was struck off. The motion does not state that the sheriff promised to inform the attorney when the sale would be made, nor does it appear that the attorney was misled by any assurance or intimation from the sheriff on the subject; and it is manifestly no part of the officer's duty to seek out or give special notice to the parties concerned in such sales to attend them.

The sale appears to have been conducted fairly and properly in all respects, and mere inadequacy of price is no ground for setting it aside where this is the case.

Judgment affirmed; Judge Napton concurring. Judge Scott absent.