OSSEMUS HURT, Defendant in Error, *v.* WILLIAM T. KELLY, Plaintiff in Error.

1. *County Court — Schools — Mortgages — Power of sale by Court without notice — Construction of Statute.*—Where the owner of land borrowed five hundred dollars of the County Court, and secured the amount, under the provisions of the school act of 1839, by mortgage of the land, the court properly ordered the sheriff to sell, and he properly proceeded to sell the premises without giving the mortgagor notice of their proceedings. (R. C. 1855, pp. 1424-5, §§ 23-27, 30.) The ten days' notice mentioned in section 18 of the school act (R. C. 1855, p. 1424, § 24) refers expressly to the order to give a new security or make such payment as is necessary for the security of the fund, and not to the fact that the interest or the mortgage note is due.

2. *County Court — Mortgage — Power of Legislature.*— The Legislature has power to authorize such a sale without notice, where the mortgagor, in the mortgage itself, gives express authority to that effect.

*Error to First District Court.*

*Ewing & Smith, Kelly,* and *Adams,* for plaintiff in error.

Sections 23 and 24 of the act touching schools (R. C. 1855, p. 1427) provide for the giving of notice to the defendant before new security can be required. Section 30 of the same act should be construed with them. This is the law under which the County Court, and subsequently the Circuit Court, undertook to act, and the thirtieth section was carried out without regard to the twenty-third and twenty-fourth. In other words, the County Court render a judgment of foreclosure of mortgage, (in effect) without notice to the mortgagor. All of this statute must be taken together, and not one isolated section by itself. The notice and proceeding required under sections 23 and 24 must necessarily be had before the court can proceed under section 30. The Legislature could not have intended to divest title in this manner without notice to the mortgagor. The Legislature has not the power to enact any such

Hurt v. Kelly.

law. As to the necessity of notice, *vide* Abbott v. Lindenbower, 42 Mo. 162; Dubois, Adm'r, v. Walsh, 42 Mo. 272; City of Boonville v. Ormrod, 26 Mo. 193; Corliss v. Corliss, 8 Verm. 387–9; 15 Wend. 374; Ang. Highw. § 122; 11 Mass. 507; 14 *id.* 222; 1 Aik., Verm., 168; Chamberlain v. Farris, 1 Mo. 17; Overstreet v. Shannon, 1 Mo. 529; Sallee v. Hays, 3 Mo. 116; Webb v. Garner, 4 Mo. 10; Smith v. Ross, 7 Mo. 463; Anderson v. Brown, 9 Mo. 638; McLaurine v. Monroe, 30 Mo. 462; Pomroy v. Betts, 31 Mo. 419; Covenant Mut. Ins. Co. v. Clover, 36 Mo. 392.

*John F. Ryland*, with *John F. Phillips*, for defendant in error.

I. If the law in question provides, and the mortgage itself provides, that the mortgage may be enforced after forfeiture, merely by the County Court, without any *mesne* process, issuing an order to the sheriff in the nature of a *fieri facias*, what right has a mortgagor to complain that his property is sold under such statute and mortgage deed, summarily and without suit? He cannot be heard to complain of the operation of a law and his contract under it, after he has enjoyed all the benefits of the law and contract.

II. That the right of a citizen to notice of a judicial proceeding against him is paramount, and that, as a rule, a judgment without notice is void, are legal truisms not denied. But these general principles have nothing to do with the case at bar. For it is equally as true, and as much law, that, while the citizen has primarily this right of notice, he, as a free man and free agent, may contract away such right. It is done in every day's commercial transactions, in the giving of mortgages with power of sale without any prior notice before sale. Mortgages under our school law are enforced after the fashion of debts under the statute merchant, statute staple, and recognizances in nature of statute staple. (*Vide* 2 Saund. 69 *b*, *c*, *d*, note 3; Stat. 11th Edw. p. 1, enforced and amended by Stat. 13th Edw. p. 1; Stat. 3, *de mercatoribus*. See 1 Eng. Stat. 35.) On failure of debtor to pay on the day assigned, execution could be awarded under

those statutes without any *mesne* process to summons him, or any proof of the debt. The cognizor, by executing the bond (just as the mortgagor here has done), was held to have waived the right of notice. Where the practice authorizes it, a judgment is good without notice. (1 Murphy, N. C., 187; 13 Pick. 53–9.)

III. The seventeenth section of the school act has exclusive reference to the manner of increasing the security on bonds and mortgages: 1st, by requiring additional security; 2d, by requiring payment of part of principal and interest. And the eighteenth section, when it speaks of a ten days' notice being required, refers solely to the increasing of the security by giving "such additional security," or paying a "part of the principal and interest." The context and construction of the two clauses clearly show this.

IV. The County Court of Saline county, in issuing the order in question without previous citation or notice, acted in accordance with established custom in such cases, the cotemporaneous construction of the bar, and the practice for more than twenty years. A decision of reversal by this court would render thousands of deeds void, and cause incalculable mischief by unsettling and uprooting titles to vast quantities of land (acquired just as the defendant in error has) on which *bona fide* purchasers for a valuable consideration have reposed for years. It would take the money of Hurt to replace the school fund borrowed and enjoyed by Kelly for twelve years, and leave Hurt entirely remediless. Without the most cogent reasons the courts never disturb such practice and titles acquired thereunder. (Sloan v. Forse, 11 Mo. 126; McKeen v. De Lancy's Lessees, 5 Cranch, 22, 33.)

BLISS, Judge, delivered the opinion of the court.

In 1849 defendant borrowed $500, school money, of the County Court of Saline county, and secured it by mortgage, under the provisions of the school act. In 1864, by neglecting to pay the interest, the debt had accumulated to over $1,000; and the County Court, without notice to defendant, ordered the sheriff to sell the land, according to the provisions of the mortgage. The plaintiff

purchased the land at the sheriff's sale, and brings an action for possession against defendant.

At the trial the defendant objected to plaintiff's evidence, on the sole ground that the County Court made the order, and the sheriff proceeded to advertise and sell the premises, without serving an order upon him or giving him notice of their proceedings. No other irregularity is set up. The Circuit Court of Saline county gave judgment for the plaintiff, from which defendant appealed to the District Court, which affirmed the judgment, and thence the case is brought by error to this court.

The school act of 1839, under which the loan was made and the mortgage given, in regard to the character of the mortgage and mode of enforcing collections, was similar to the present law. Article II, section 16, of the act provided that the bond given for the money should be recited, and that it should " contain a condition that if default shall be made in the payment of principal or interest, or any part thereof, at the times when they shall severally become due and payable, according to the tenor and effect of the bond recited, the sheriff of the county may, without any suit on the mortgage, proceed and sell the mortgaged premises, or any part thereof, to satisfy the principal and interest, and to make an absolute conveyance thereof in fee to the purchaser; which shall be as effectual, to all intents and purposes, as if such sale and conveyance was made by virtue of a judgment or decree of a court of competent jurisdiction foreclosing the mortgage." Section 24 is as follows : " Whenever the principal and interest, or any part thereof, secured by mortgage containing a power to sell, shall become due and payable, the County Court may make an order to the sheriff reciting the debt and interest to be recovered, and commanding him to levy the same, with costs, of the mortgaged premises, which shall be described as in the mortgage ; and a copy of such order, duly certified, being delivered to the sheriff, shall have the effect of a special *fieri facias* on a judgment of foreclosure by the Circuit Court, and shall be proceeded on accordingly."

The defendant founds his claim that an order of the County Court should be served on him before a *fieri facias* can issue,

upon sections 17 and 18 of the same act, which provide that the County Court shall examine the bonds and securities given for school money, "relative to the sufficiency of the security for the payment of such money, and may require such additional security to be given, or require the payment of such part of the principal and interest, as they may deem necessary for the security and interest of the fund." (§ 18.) "If such additional security be not given or payment made as required within ten days after an order to that effect shall be made and served on the principal of the bond, and in all cases of default in the payment of interest, the Circuit Court shall proceed to enforce payment of both principal and interest by suit, or in a summary manner, as hereinafter provided." This "summary manner" is provided in section 21, which authorizes a common *fieri facias*, and in section 24, before quoted. We see no foundation for the claim. Section 17 makes it the duty of the County Court to watch the securities for the school fund and require additional security or such payments as shall make the security good; and if not given within ten days after the order, the whole shall be collected in a summary manner. By no rule of construction, grammatical or legal, can the words "and in all cases of default in the payment of interest" be qualified by the condition of ten days' notice. The notice refers expressly to the order to give new security or make such payment as is necessary for the security of the fund. The interest is due by the terms of the bond. There is no obligation to give new security or reduce the principal without an order to that effect, and of that order he must have notice, not before it is made, but that it has been made, before he can be required to obey it; but a notice that the interest is due simply informs him of what he knew before, and is nowhere required. All that courts can do in cases of default in payment of interest is to collect at once both principal and interest. He has no right to wait for notice or expect lenity. The County Court is bound to proceed at once.

The defendant's counsel strongly insist that the Legislature has no power to authorize the summary proceedings provided by section 24, without notice; that every man is entitled to a day in

court; and that his property cannot be seized and sold without opportunity to contest the order to that effect; and cite numerous authorities in support of their position. But to say that the statute can not empower one to execute a mortgage for borrowed school money, authorizing the sheriff to sell the mortgage property upon default, without other notice than the advertisement of the sale, is to throw around the school fund far less protection than is afforded to private loans. Trust deeds with power to sell, mortgages with power to sell, and *cognovits*, are all liable to the same objection, and it is too late to question their legality. It is true that, in general, original proceedings in court against a stranger cannot be had without notice. But the authorities do not forbid one to authorize such proceedings against himself upon just conditions. The defendant in this case, in his mortgage of the property sold, gave express authority for its sale in the precise manner in which it was sold. The law, in protecting the property of the citizen, protects also his freedom, and permits him, if he chooses to do so for a sufficient consideration, to place his property in the hands of a public officer or an individual, and to authorize them, upon certain agreed conditions, to sell it at auction. And if in ordinary transactions he is permitted thus to place his property in jeopardy, on what principle shall he be prevented from doing so when the security and availability of our school fund forbid its loan upon any other conditions?

The judgment of the District Court is affirmed. The other judges concur.