Kelly v. Hurt.

Wm. T. Kelly, Appellant, *vs.* Ossimus Hurt, Respondent.

1. *Equity—Relief, how effected by the statute of limitations.*—Mere lapse of time, short of the period fixed by the statute of limitations, will not bar a claim to equitable relief where the right is clear, and there are no countervailing circumstances. In doubtful cases, long or unreasonable delay may sometimes turn the scales.

2. *Equity—Bill to set aside sale under mortgage foreclosure by a sheriff en masse —Averments, what necessary on part of plaintiff.*—Suit was brought by the mortgagor to set aside a sale of the mortgaged property, made by the sheriff, under a foreclosure, on the ground that the property was sold in bulk instead of separate parcels, and thereby realized an inadequate price. The suit was brought nine years after the sale, and plaintiff stated, that he had no knowledge of the sale in time to move to set it aside. No further facts explanatory of the time of bringing suit appeared. *Held* as follows:

1st. The petition was not demurrable on the ground of staleness of the claim. The suit was brought within the period covered by the statute of limitations, and that statute applies to actions in equity as well as law.

2d. The burden devolved on defendant to justify the sale in the manner adopted. Hence, it was unnecessary for plaintiff to aver that he did not desire or direct the sale of the property in mass.

3d. Being made by the sheriff under a *fieri facias*, (Wagn. Stat., 955, § 10) the sale was governed by the statute touching such sales, (Wagn. Stat., 608, § 30) and hence, defendant could not maintain that that officer was merely trustee under the mortgage, and subjected to no other measure of responsibility for the manner of sale and the amount realized.

4th. Plaintiff was not required to allege fraud, nor,

5th. That the different parcels of land were fitted for separate use, or that any one proposed to buy any separate parcel of it.

6th. The petition might embrace a claim for rents and profits of the property, without being multifarious, and also, a claim for damages, by waste, to the freehold, as an incident to the main relief sought.

Per Sherwood, Judge.

3. *Laches—Demurrer—Limitations, statute of—Bill in equity.*—The laches of plaintiff was apparent on the face of the petition (see statement in head note 2), and that pleading was faulty in not negativing or excusing the same; but it was not fatally defective for that reason and the specific objection not being pointed out by demurrer, could not afterward be heard. The doctrine of laches in suits in equity is unaffected by the statute of limitations; certainly within the period it prescribes.

*Appeal from Saline County Circuit Court.*

*Yerby & Shackleford,* for Appellant, cited Stover vs. Boswell, 3 Dana, [Ky.] 232; Patterson vs. Carneal, 3 A. K.

Marshall, 618; Davidson vs. McMurtry, 2 J. J. Marshall, 68; Adams vs. Keiser, 7 Dana, 208; Shropshire vs. Pullen, 3 Bush., 512; Tyler vs. Wilkerson, 27 Ind., 450; Reed vs. Devin, 7 Ind., 189; Rowley vs. Brown, 1 Binn., 61; Good vs. Comfort, 39 Mo., 313; Chesley vs. Chesley, 54 Mo., 347; Banks vs. Bales, 16 Ind.; Thompson vs. Torneb, 2 Peters, 157; Wilkerson vs. Lackland, 2 Peters, 627; Shrevers, lessee, vs. Lynn, 2 How., 43; Shelton vs. Tiffin, 6 How., 163; Harshey vs. Blackman, 20 Iowa. 161; Morris vs. Hoglie, 37 Ill., 150; Johnson vs. Baker, 38 Ill., 98; Smith vs. McCutcheon, 38 Mo., 415; Latimer vs. Union Pacific R. R., 43 Mo., 105; Abbot vs. Shepperd, 44 Mo., 233; Hewit vs. Weatherberry, 57 Mo., 276; Rector vs. Hart, 8 Mo., 448, and cases there cited; Benkendorf vs. Vincenz, 52 Mo., 441; Chesley vs. Chesley, 54 Mo., 347; Id., 49 Mo., 540; Rover Jud. Sales, p. 217, § 600; Id., p. 293, §§ 865, 870; Tyler vs. Wilkinson, 27 Ind., 450; City of San Francisco, vs. Pixley, 21 Cal., 56; Rover Jud. Sale, 254, § 731, and cases there cited; Id., p. 293, § 867; Carlisle vs. Carlisle, 7 J. J. Marsh., 625; Hecks & Hammond, vs. Perry, 7 Mo., 346; 1 Sto. Eq. Juris., 9th ed., p. 377, § 400; Wagn. Stat., 1012, § 2; Henderson vs. Dickey, 50 Mo., 161; Duvall vs. Tinsley, 54 Mo., 93.

*Letcher & Strother*, for Respondent, cited Meir vs. Zelle, 31 Mo., 331; Cabell vs. Grubbs, 48 Mo., 353; Stine vs. Wilkerson, 10 Mo., 94; Carter vs. Abshire, 48 Mo., 300; 30 N. Y., 173; Gray vs. Shaw, 14 Mo., 346; 43 Mo., 221; Wagn. Stat., fifth clause, p. 1012, § 2.

Hough, Judge, delivered the opinion of the court.

This case comes before us by appeal from a final judgment of the circuit court of Saline county, sustaining a demurrer to the plaintiff's petition.

The petition was in the nature of a bill in equity to set aside a sale, made by the sheriff of Saline county, of certain lands mortgaged by the plaintiff to said county, to secure a loan of $500 made by said county to the plaintiff in 1849. It alleges that the lands so mortgaged comprised two eighty-

acre tracts and two forty-acre tracts which do not adjoin each other, and that one tract of forty acres lies three or four miles from the remainder of said lands; that on the 10th day of May, 1864, said sheriff offered for sale, and did sell the whole of said lands in mass for the sum of $1,380 to satisfy the sum of $1,082.66, then due upon said mortgage, when the same was susceptible of division, and when it was unnecessary to sell the whole of said lands to satisfy said mortgage debt, and that at said sale the defendant (Hurt) became the purchaser; that said lands so sold by the sheriff were reasonably worth the sum of $4,500, and if they had been divided and sold in parcels they would have brought a much larger sum than was paid for the same by the defendant, and that plaintiff had no knowledge of the sale so made, in time to move to set the same aside. Plaintiff offered to pay the sum bid by defendant, with interest, and asked that said sale be set aside, and that defendant be required to account for the rents and profits during the time he had been in possession, and also asked damages for certain injuries, in the nature of waste, committed by the defendant on said lands, and for general relief.

The demurrer stated three grounds of objection to the petition; first, that it did not state facts sufficient to constitute a cause of action; second, that it failed to charge any fraud or unfairness on the part of the officer, or on the part of the defendant; and, third, that several causes of action had been improperly united.

The positions assumed by the defendant's counsel to support the judgment of the circuit court, which are not particularly set forth in the demurrer are: first, that the validity of Hurt's purchase was brought in question in the case of Hurt vs. Kelly, (43 Mo., 238), and that the plaintiff in this suit should have set up any equities he may have had as a defense in that action; second, that the petition is defective in not alleging that the sale in mass was neither requested nor desired by the defendant in the execution; that the law presumes that the officer did his duty, and if the land was susceptible of division and was sold in lump, the law will pre-

sume that it was sold in that manner by the request of the defendant, unless he negatives that desire by averment and proof; third, that the plaintiff's claim is stale; and, fourth, that the sheriff was but a trustee under the mortgage, and that mere inadequacy of price will not furnish ground for equitable interference.

We put aside at once the point as to the staleness of the plaintiff's claim. The sale took place in May, 1864, and this suit was instituted in January, 1874, less than ten years thereafter. The statute of limitations in this State applies to all civil actions—to those which were formerly denominated suits in equity as well as to actions at law. Mere lapse of time, short of the period fixed by the statute of limitations, will not bar a claim to equitable relief, where the right is clear, and there are no countervailing circumstances. In doubtful cases, long or unreasonable delay may sometimes turn the scales. (Davis vs. Fox, 59 Mo., 125.) In the present case no facts are before us save those which are stated in the plaintiff's petition, and they are admitted by the demurrer to be true, and the relative equities of the parties as they may in fact exist apart from the pleadings, do not appear. The only question, therefore, before us at this time, is, as to the right of the plaintiff to relief on the case presented by him in his petition.

The point that the validity of Hurt's purchase has been heretofore settled by this court in favor of the defendant in this action, in the case of Hurt vs. Kelly (43 Mo., 238), cannot be considered by us now. There is no plea in this case that the subject matter of this suit has become *res judicata*, and whether that suit is for any reason a bar to the present one, cannot be determined on this demurrer.

Before proceeding to consider the second position of defendant's counsel, it may be well to remark that though the petition fails to allude to any default in the payment of principal or interest, such default may be inferred from the fact that while the plaintiff borrowed only $500, there was due to the county at the time of the sale more than $1,000. Nor is

it stated in the petition that there was any order of the county court requiring the sheriff to sell under the mortgage; but that such order was made, may be inferred from averments in the petition as to the breach of duty on the part of the sheriff, and the inability of the plaintiff to make any motion to set the sale aside. The sale will therefore be treated as having been made under an order of the county court. Besides, the parties have so treated it in argument, though the defendant also claims that the sheriff acted simply as trustee under the power contained in the mortgage.

The statute under which the loan was made and the mortgage taken, gives to the order of the county court, directing the sheriff, after default, to levy the debt and interest of the mortgaged premises, the effect of a special *fieri facias* on a judgment of foreclosure, and requires that it shall be proceeded upon accordingly. The statute in relation to mortgages provides that a special *fieri facias* on a judgment of foreclosure shall be executed and returned as executions in ordinary civil suits. The statute in relation to the sale of real property under execution is as follows:

Sec. 30. "When an execution shall be levied upon real estate, the officer levying the same shall divide such property if susceptible of division, and sell so much thereof as will be sufficient to satisfy such execution, unless the defendant in the execution shall desire the whole of any tract or lot of land to be sold together, in which case it shall be sold accordingly."

There is no direct averment in the petition that Kelley neither desired nor directed the sheriff to sell the whole of said land together, and the absence of such averment, it is claimed by defendant's counsel, is a fatal omission. In support of this position the case of Meir vs. Zelle (31 Mo., 331) is cited, wherein Judge Ewing, who delivered the opinion of the court, said: "The plaintiff's counsel in his brief also makes the point that distinct parcels of land were sold together, but the motion is entirely silent as to this, and the fact nowhere appears in the bill of exceptions proper, nor in-

deed anywhere, except, perhaps, inferentially, if at all, in the officer's return on the execution. But however this may be, if the two parcels were in fact sold together, for aught that appears it may have been done by the request of the defendant in the execution, in which case it was the duty of the officer to sell accordingly. The point, however, was not made in the motion, nor otherwise brought to the attention of the court below, so far as we can see from the transcript."

The foregoing extract, which contains all there is in the opinion on the subject, it is hardly necessary to say, is not, nor does it purport to be, an express adjudication of the point made.

In the case of Rector vs. Hart (8 Mo., 448) the question as to the invalidity of sheriff's sales under execution, made in violation of the statute above quoted, was carefully examined by Judge Scott, and the conclusion was reached by him that a sale in mass, by a sheriff, of distinct parcels of real estate, is not *ipso facto* void, but that it is subject to be set aside on motion, or by bill in chancery, when injury has resulted therefrom to the judgment debtor, and that he who seeks to sustain it must show its justice and expediency.

In the case of Hix vs. Perry (7 Mo., 346) it is said in effect, that when the sheriff sells distinct parcels in mass, in a proceeding to set such sale aside for that reason, it devolves upon him to show that the execution debtor has not been damnified.

Following these authorities, we hold that it was unnecessary for the plaintiff to aver in his petition that he did not desire or direct the property to be sold in mass. Such direction of the debtor in the execution, if given, is a matter of defense which must be pleaded by the officer or purchaser, as the case may be, in order to be made available. But if the rule were otherwise, it sufficiently appears from the petition that the sale was made in mass without the plaintiff's desire or direction, for he avers that he had no knowledge whatever of the sale.

The fourth position is disposed of by treating the sale as one made under execution, though in either case, whether

the sheriff sold simply as trustee and of his own motion, under the power contained in the mortgage, or under an order of the county court, the rule, it seems to us, should be the same, except, perhaps, as to the burden of proof. At any rate, it is certainly safe to say that where, in a case like the one at bar, a sale by a trustee would be set aside, a sale by a sheriff under execution would also be set aside. And this brings us to the only remaining point of consequence, which is, whether it was necessary for the plaintiff to allege in his petition "any fraud or unfairness either on the part of the officer making the sale, or on the part of the defendant, who was the purchaser." It has been several times held by this court that a sale by a trustee of real property which was susceptible of division, will not be set aside solely for the reason that it was made in mass, but that where there has been resulting injury, and the property of the debtor has been needlessly sacrificed by a failure to divide and sell it in parcels, a court of equity will interfere. (Chesley vs. Chesley, 49 Mo., 540; Benkenford vs. Vincenz, 52 Mo., 441; Chesley vs. Chesley, 54 Mo., 347.) While such a sale cannot perhaps be called fraudulent it cannot certainly be held to be fair. No allegation of fraud is necessary; a violation of duty and resulting injury are the grounds of relief.

But defendant's counsel complains that there is nothing in the petition showing that the several tracts were fitted for separate use, or that any one proposed to buy any separate parcel of it. It is only necessary to say in reply to this, that a party is not required to plead his evidence. The main fact of the injury, together with the character and particular occasion of that injury, are plainly set forth in the petition, and this is all that the defendant has a right to demand in this particular.

The third ground of demurrer is that the petition is multifarious. So far as the claim for rents and profits is concerned there can be no question but that it is free from this objection. (Duvall vs. Tinsley, 54 Mo., 93.)

The claim for damages for injuring the orchard, and that for cutting and destroying growing timber, are separately

stated, but are wholly insufficient as separate and independent counts, and if the demurrer had been to these counts, if they may be so called, it might have been properly sustained as to them as distinct causes of action.   But in our view of the case these claims may be considered as appropriate incidents to the main relief sought.   The defendant having purchased at a voidable sale, so far as appears from the petition, if the sale should be set aside, would he not stand somewhat in the position of an assignee of the mortgage, or be considered as having at least a claim in equity to be subrogated to the rights of the county, and being in possession of the mortgaged·premises would he not, in ascertaining the amount to be paid by the plaintiff in order to redeem, be required to account not only for the rents and profits but for the waste committed by him, in the same manner as an ordinary mortgagee in possession who had committed waste would be required to account to a mortgagor seeking to redeem ?   The prevention, too, of a multiplicity of suits, is an additional reason for taking this view of the case.

Though the petition has been very unskillfully drawn, we think it states sufficient ground for relief, and the judgment of the circuit court will be reversed and the cause remanded. All the judges concur, except Judge Sherwood, who concurs in the result.

### PER SHERWOOD, J.

I do not concur in the remarks made in the above opinion, as to the staleness of demand.   I think the petition clearly faulty in not negativing or excusing the laches apparent on its face.   But since this specific objection was not pointed out by the demurrer, it cannot be relied on here ; and the petition is not fatally defective in failing to excuse the delay referred to.

Nor do I concur in the views as to the statute of limitations.   The old doctrine of laches, as constantly applied by courts of equity, I regard as remaining unaffected by that statute ; at all events, within the period it prescribes.