# BEATTIE MANUFACTURING COMPANY, Appellant, v. GERARDI et al.

## Division Two, December 17, 1901.

1. **Pleading**: DEPARTURE: HOW RAISED: DEMURRER.  That an amended petition is a departure from the original cause of action, can not be raised by demurrer, but only by a motion to strike out.  A demurrer can be made available only when the defect is apparent on the face of the pleading demurred to, and then only when it is open to the grounds of demurrer specified in the statute.

2. **Pleading**: CAUSE OF ACTION: CONTRACT FOR ANOTHER'S BENEFIT.  A petition which alleges that two defendants, one a lessee and the other a landlord, entered into a written contract between themselves whereby the lessee placed ten thousand dollars in the hands of the landlord to be paid to the party making certain improvements on the leased

premises, in pursuance to a contract with the lessees, for which the landlord agreed to pay, and that plaintiff made the improvements, but has not been paid therefor, states a good cause of action against the landlord. A contract between parties upon a valid consideration may be enforced by a third party when entered into for his benefit; this is so though such third party be not named in the contract, and though he was not privy to the consideration.

3. ———: ———: CONVERSION OF LEASEHOLD PROPERTY. A petition which alleges that certain improvements were made by plaintiff on a leasehold in pursuance to a contract with the lessee, and that the landlord expressly agreed to pay therefor, and charged that these improvements were converted by the landlord to his own use, and that in consequence the rental value of the leasehold was greatly reduced and rendered valueless, and praying judgment against both landlord and tenant for the value of the improvements, states a good cause of action.

4. ———: ———: RES ADJUDICATA: DEMURRER. The doctrine of *res adjudicata* can not be invoked by a demurrer to a petition, especially when the ground of demurrer goes to its sufficiency. *Res adjudicata* is not one of the grounds for demurrer specified in the statute. It is an affirmative defense, and must be pleaded, unless the petition on its face shows that the cause of action is in some way barred. And the plea must be supported by proof to be available.

5. ———: AMENDED PETITION: DEMURRER: WAIVER. Because defendant demurred to a petition as having joined several causes of action, and that demurrer was overruled, he did not waive his right to file a like demurrer against an amended petition also when it was filed.

6. ———: MISJOINDER OF DEFENDANTS. Unless both counts of the petition affect all the defendants there has been a wrongful joinder of parties defendant.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood,* Judge.

AFFIRMED.

*J. F. & R. H. Merryman* for appellant.

(1) The first ground for demurrer is that the second amended petition, and each of the counts thereof, constitute a change in the causes of action herein. We submit that this

ground of demurrer comes too late. It makes no difference whether the original petition contains the same causes of action or not, as the filing of the first amended petition was the abandonment of the original one. Ticknor v. Voorhees, 46 Mo. 110; City of St. Louis v. Gleason, 15 Mo. App. 25; Simms v. Field, 24 Mo. App. 565. Clark, having failed to object to the first amended petition because it set forth a different cause of action from the one set forth in the original petition, can not now demur to the second amended petition on this ground. (2)   Second ground of demurrer is that the first count of said second amended petition does not state facts sufficient to constitute a cause of action against this defendant. "A person for whose benefit an express promise is made may maintain an action upon it in his own name." Meyers v. Lowell, 44 Mo. 328; Ellis v. Harrison, 104 Mo. 270; Rogers v. Gosnell, 51 Mo. 466; Fitzgerald v. Barker, 70 Mo. 685; Fitzgerald v. Barker, 85 Mo. 14. (3)   The fourth ground for demurrer is that plaintiff-appellant has improperly joined in the same petition several causes of action. This ground comes too late. By referring to the record it will be seen that the respondent filed a demurrer to the amended petition on the ground that said amended petition failed to state facts sufficient to constitute a cause of action in either count and that "appellant had improperly united in the same petition several causes of action." This demurrer was taken up, argued and overruled by the court, and thereupon defendant filed an answer. Defendant still demurs on the ground of a misjoinder of causes of action, but he can not demur on this ground after filing answer. Bank v. Dillon, 75 Mo. 380. Appellant can join the causes of action set forth in the petition for the reason that the first count is founded on a contract, and the second count is one in equity brought for the purpose of protecting property upon which appellant had a mechanic's lien, both counts having arisen out of the same transaction or transactions connected with the same sub-

ject of action.    Morrison v. Harrington, 120 Mo. 665.    (4) The fifth ground for demurrer is that the plaintiff has improperly joined this defendant with co-defendants in each of the counts in the second amended petition.    This position is untenable.    The respondent, Charles Clark, is the only party against whom appellant prays judgment, and if a good cause of action is stated against him he can not complain because Annie Gerardi and Joseph Gerardi are joined with him. These two parties are not complaining, and Clark can not object because he is made a party with them.    Brown v. Woods, 48 Mo. 330; Bank v. Bayliss, 41 Mo. 285; Ashley v. Winston, 26 Mo. 210; State v. Parris, 35 Mo. 371.

*Boyle, Priest & Lehmann* and *Geo. W. Easley* for respondents.

(1)    The amended petition in each count declared upon a contract between Clark and Mrs. Gerardi for the benefit of plaintiff—that is, that Mrs. Gerardi deposited $10,000 with Clark to be expended for the material and fixtures to be furnished by plaintiff.    The second amended petition in each count abandons the allegations that the contract between Clark and Mrs. Gerardi was for the benefit of plaintiff, and declares upon an express promise on the part of Clark to pay plaintiff. Inasmuch as the first amended petition counts upon a promise for the benefit of a third person, and the second amended petition upon an express promise to pay, we contend that the plaintiff, by this amendment, changed the cause of action. The authorities in this State are unanimous in holding that a pleading may not be so amended as totally to change the cause of action or defense.    Heman v. Glann, 129 Mo. 325; Lumpkin v. Collier, 69 Mo. 170; Daudt v. Mechens, 13 Mo. App. 592; Parker v. Rodes, 79 Mo. 88.    The test by which it may be determined whether or not a change of the cause of the

action has been made, is to ascertain whether the same evidence will support both petitions, or whether the same measure of damages will apply to both. Scoville v. Glassner, 79 Mo. 449; Sims v. Field, 24 Mo. App. 557; Heman v. Glann, 129 Mo. 325; Sears v. Low & Co., 56 Mo. App. 122. (2) It is pleaded in all the counts of all the petitions filed, that plaintiff, prior to the institution of this suit, brought suit to enforce a mechanic's lien against the premises on account of the materials furnished by it, which resulted in a judgment in its favor against the Gerardis, and in the establishment of a mechanic's lien against their leasehold interest, and in a judgment in favor of Clark, and a denial of a lien against the freehold estate held by him. If Clark had expressly promised to pay for the materials and fixtures, under the issue in the mechanic's lien suit, a judgment would have been obtained against him establishing the lien against the freehold. That matter being within the issues of that case—a suit between identically the same parties, and in relation to the same property—is *res adjudicata*. In that suit it must have been adjudicated that Clark was not indebted to plaintiff, and that the freehold estate was not subject to the payment of any indebtedness from the Gerardis or Clark. That being true, that judgment is conclusive against Clark's liability to plaintiff. State ex rel. v. Branch, 134 Mo. 592; Short v. Taylor, 137 Mo. 517; Mason v. Summers, 24 Mo. App. 174. Not only is the judgment *res adjudicata* as to the matters actually determined in the mechanic's lien case, but also as to all those matters which might have been adjudicated under the issues. The plaintiff might, in the mechanic's lien case, have either alleged the contract made as for its benefit, or the express promise alleged in both counts of the second amended petition, and as those matters might have been adjudicated in that case, they are *res adjudicata* in this. Mason v. Summers, 24 Mo. App. 174; Case v. Garten, 33 Mo. App. 597; Dickey v. Heim, 48 Mo. App. 114; Hickerson v. Mexico, 58 Mo. 61; Lightfoot v. Wilmot, 23 Mo.

App. 5.   (3)   It is a cardinal rule of pleading that where different causes of action are joined in the same petition, they must affect all the parties to the action, that is, that each cause of action must affect all the parties that are joined in any other cause of action in the same petition.   Liney v. Martin, 29 Mo. 28; Doan v. Holly, 25 Mo. 357; s. c., 26 Mo. 186.

BURGESS, J.—This is an appeal by plaintiff from the judgment of the court below in sustaining a demurrer of the defendant, Clark, to the second amended petition of the plaintiff.

The facts are stated by defendants substantially as follows:

On November 18, 1893, plaintiff instituted a suit in the circuit court of the city of St. Louis, against the defendants herein, to enforce a mechanic's lien against the identical property described in the petition in this case, which suit was pending at the time of the institution of this suit.   On January 19, 1895, the same plaintiff instituted another suit against the same defendants, involving the identical property described in the petition in the mechanic's lien case.

In the petition, in the second suit, was alleged the incorporation of plaintiff; that on March 2, 1890, it entered into a contract with defendants Gerardi and wife, to make certain alterations and additions to a building described, of which the defendant, Charles Clark, was the owner, who had leased the same to Gerardi and wife for a period of ten years from February 24, 1893; that the plaintiff complied with its contract in all respects, and on or about June 16, 1893, the possession of the building and the work and material placed there by plaintiff was delivered to Annie Gerardi, and that a balance of $12,313.17, subject to an unsettled account, claimed by Mrs. Gerardi by way of damages for not completing the work by May 1, 1893, was due and owing plaintiff; that a copy of the mechanic's lien heretofore sued upon is

made part of the petition. The petition then alleges the institution and pendency of the mechanic's lien suit as above set forth; that after the institution of said mechanic's lien suit and after the defendants had filed answers thereto, on or about January 12, 1894, Gerardi and wife executed and delivered a deed to the estate, upon which the mechanic's lien was claimed, and also conveying any and all interest which said Gerardi and wife had in and to any fixtures, trade or improvements constructed or built upon or in said premises by Gerardi and wife, which the petition alleges included all the fixtures of every kind and description as well as the material furnished and placed in said building by plaintiff and described in the account embraced in the mechanic's lien aforesaid, the possession of all of which were delivered by Gerardi and wife to Clark. The petition then alleges: "And the defendant, Charles Clark, has appropriated to his own use and benefit all of said material and fixtures of every kind, and has particularly converted to his own use and benefit the fixtures and materials described in the following account which plaintiff charges him with, to-wit:" Then follows an exact duplicate of the account which was the basis of the mechanic's lien. It is then alleged that Clark used the improvements and fixtures, with others used by him for the purpose of fitting the building as a gentlemen's furnishing store; that the materials and fixtures furnished by plaintiff were for the purpose of fitting the building for carrying on a restaurant and saloon. That Clark's purpose in taking the conveyance from Gerardi and wife "was to obtain the exclusive possession and control of said premises and the material and fixtures aforesaid in order to defeat the claim of plaintiff and thereby obtain the property aforesaid on which plaintiff had filed a mechanic's lien, and to charge, direct and convert said material and fixtures for his entire use and benefit, and to cheat and defraud plaintiff out of his debt." All of which was done without plaintiff's consent, and to evade and destroy plaintiff's mechanic's lien. That the

deed was executed by Gerardi and wife with the understanding and in consideration that Clark would have them released from the debt of plaintiff. It was further alleged that Clark, in 1894, leased said premises and fixtures to Robert Beckley, in consideration of a monthly rental, "and also pay the debt of plaintiff;" that Beckley took possession and accepted the premises and fixtures for a term of months, for which he paid Clark $2,800, and defendant Clark leased said premises for a term of years without plaintiff's consent; that Gerardi and wife are insolvent; that Gerardi and wife contracted with plaintiff for said material and fixtures with the knowledge and consent of Clark; that the various sums of money paid plaintiff upon said account were paid by Clark under an arrangement made with Annie Gerardi. The prayer of the petition is that plaintiff recover from Clark the full amount of its debt, and to that end this cause be consolidated with the mechanic's lien suit and that the same be then tried and considered together, and that the said defendant Clark be adjudged and ordered to pay plaintiff the sum due it, $12,313.71, with interest, etc.

On February 8, 1898, plaintiff by consent of all the parties filed an amended petition. In the first count is alleged the relation of the parties, the making of this contract between plaintiff and Gerardi and wife, and its performance substantially as stated in the original petition. It also alleged that Annie Gerardi entered into an agreement in writing, by which Mrs. Gerardi paid to Clark $10,000, and said Clark was to add thereto the sum of $2,400, making $12,400, which Clark agreed to pay to the party or parties who would furnish the material and conduct the improvements contemplated, and that thereupon plaintiff entered into the contract with Mrs. Gerardi, "in pursuance of the contract in writing that Charles Clark was to pay the sum of twelve thousand four hundred dollars to the parties who would do the work;" that plaintiff performed the conditions on its part; that Clark paid $6,500 to plaintiff; that the plaintiff on June 16, 1893, delivered the

possession of the premises, which were accepted by the defendants, and having failed to pay the balance due, plaintiff, on November 17, 1893, filed a lien against the building and real estate to secure the balance due, and on November 18, 1893, filed a suit to enforce such lien against the defendants, and that on May 18, 1896, a decree was rendered in favor of plaintiff establishing the lien aforesaid against Annie Gerardi, upon which execution issued, and the property aforesaid, together with the leasehold, was sold for the sum of $75, and the said judgment remains unsatisfied; that the defendant Clark has failed to pay said sum of $13,400, less the amount of credits aforesaid, and prays judgment against Clark for the balance due.

The second count alleges the same contract for the materials and fixtures, the execution of the lease, the agreement of Charles Clark with Mrs. Gerardi to pay $12,400 to the persons who should furnish the material and fixtures, the performance of plaintiff's contract, the payment by Clark of $7,500, the institution of the suit to enforce a mechanic's lien, the rendition of judgment therein against Mrs. Gerardi and execution thereon, and the sale of the property for $75; the conveyance by Gerardi and wife of the property to Clark, and the delivery of possession thereunder to Clark, including the materials and fixtures, which Clark has appropriated to his own use; that he sold $3,000 worth thereof and totally destroyed the premises for use as a restaurant and saloon, and leased the same for a gentlemen's furnishing store in consequence of which the rental value of the property was reduced and the leasehold interest rendered useless, and prays judgment for $10,000 damages.

To this petition a demurrer was filed and overruled.

The defendant, Clark, then filed a general denial.

The plaintiff, by leave of court, then amended the amended petition by interlineations, and defendant Clark de-

murred to the same, which was sustained, and plaintiff allowed to file a second amended petition.

The first count of the second amended petition alleged the lease and the execution of the contract between the Gerardis and Clark, referred to in the amended petition, but pleads such contract in this petition *in haec verba,* and that Clark assured plaintiff that Mrs. Gerardi had deposited $10,000 with him with which to pay plaintiff for the proposed work, and that he would pay plaintiff for said work the said sum of $10,000, and upon such assurance plaintiff entered into the contract; that said contract was in fact a part of the lease ingrafted thereon and the two contracts were in fact but one; that plaintiff performed its contract, and that Clark was indebted to plaintiff in the sum of $12,400, but has only paid thereon $6,500; that the mechanic's lien was enforced against Mrs. Gerardi, execution issued upon the judgment and the property sold for $75, and the balance remained unpaid; that pending the mechanic's lien suit the Gerardis conveyed the leasehold interest to Clark, including the trade fixtures; that Clark now has possession of the same and refused to pay $6,000 which he justly owes to plaintiff, which, with the $2,500 aforesaid, it asks to recover.

The second count is similar to the second count of the amended petition, except that it alleges that the cause of action grew out of the transaction named in the first count and an express promise on the part of Clark to pay, and specifies the items alleged to have been converted by Clark as in the original petition, and that the rental value of the property was greatly reduced and the leasehold estate rendered valueless, and prays judgment for such sum as will satisfy the judgment against Annie Gerardi.

To this second amended petition, the defendant interposed a demurrer, on the following grounds:

"First.   The said second amended petition and each of

the counts thereof constitute a change of the causes of action herein.

"Second. The first count of said second amended petition does not state facts sufficient to constitute a cause of action against this defendant.

"Third. The second count of said second amended petition does not state facts sufficient to constitute a cause of action against this defendant.

"Fourth. The plaintiff has improperly joined in the same petition several causes of action.

"Fifth. The plaintiff has improperly joined this defendant with co-defendants in each of the counts of the said second amended petition."

This demurrer was sustained and final judgment rendered against the plaintiff, who, after an unsuccessful motion for a new trial, prosecutes this appeal.

The first ground of objection to the second amended petition assigned in the demurrer, is, that it and each of the counts therein constitute a change in the cause of action. Plaintiff insists that the demurrer could not have been sustained upon this ground, because, demurrer will not lie under such circumstances, but the objection must be raised by motion to strike out. Section 598, Revised Statutes 1899, provides that: "The defendant may demur to the petition, when it shall appear upon the face thereof, either: first, that the court has no jurisdiction of the person of the defendant, or the subject of the action; or, second, that the plaintiff has not legal capacity to sue; or, third, that there is another action pending between the same parties, for the same cause, in this State; or, fourth, that there is a defect of parties plaintiff or defendant; or, fifth, that several causes of action have been improperly united; or, sixth, that the petition does not state facts sufficient to constitute a cause of action; or, seventh, that a party plaintiff or defendant is not a necessary party to a complete determination of the action."

It will be observed that no such ground of demurrer as that under consideration is authorized by the statute, and as it specifies the grounds upon which the defendant in an action may demur to the petition of his adversary under the well-known rule of the construction of statutes, that the mention of one or more things is exclusive of all others, it would seem that the question could not be raised by demurrer. The code of New York specifies the grounds upon which a pleading may be demurred to and it was held by the Court of Appeals of that State, in the case of Marie v. Garrison, 83 N. Y. 14, that no pleading is demurrable unless it is subject to one or more of the objections specified in the provisions of the Code defining the grounds of the demurrer. When the amended petition was filed, the one of which it was amendatory was superseded (Hawkins v. Massie, 62 Mo. 552), and as a demurrer only goes to some defect apparent upon the face of the pleading demurred to (Bliss on Code Pleading, 3 Ed., sec. 404) this ground was in any event unavailing, and the question could only have been raised by a motion to strike out, if in fact the amended petition was a departure.

As the second and third grounds of the demurrer are leveled at the first and second counts of the second amended petition for the same grounds of objection, that is, that they do not state facts sufficient to constitute a cause of action against the defendant, Clark, they will be considered in their order. The first cause of action is based upon a written contract between the defendant, Clark, and Annie Gerardi, whereby she placed ten thousand dollars in the hands of Clark to be paid to the party making certain improvements on the leased premises for which Clark agreed to pay to said parties on his own behalf, and, as plaintiff is the party who made the improvements, it is claimed by it that it may maintain this action upon the ground that the contract was made for its express benefit, although not named in the contract. If there is any principle of law well settled in this State it is "that a

contract between the parties upon a valid consideration may be enforced by a third party, when entered into for his benefit. . . . . This is so though such third party be not named in the contract, and though he was not privy to the consideration." [St. Louis to use v. Von Phul, 133 Mo. 561; Devers v. Howard, 144 Mo. 671; School District of Kansas City v. Livers, 147 Mo. 580; City of Bethany v. Howard, 149 Mo. 504; Porter v. Woods, 138 Mo. 539; Crone v. Stinde, 156 Mo. 262.] There can, therefore, be no question but that the petition states a cause of action, and even if a departure from the cause of action stated, in the petition of which it is amendatory, that question, as we have said, could not be raised by demurrer.

The second count of the amended petition, after alleging an express promise by Clark to pay, specifies the items alleged to have been converted by him, and avers that the rental value of the property was greatly reduced and the leasehold estate rendered valueless, and prays judgment against Annie Gerardi and Clark. This count, like the first one, states a cause of action and entitles plaintiff to recover in so far as anything appears from the face of the petition.

But defendant contends that it is pleaded in all of the counts of all the petitions filed that plaintiff, prior to the institution of this suit, brought suit to enforce a mechanic's lien against the premises on account of the materials furnished by it, which resulted in a judgment in its favor against the Gerardis, and in the establishment of a mechanic's lien against their leasehold interest, and in a judgment in favor of Clark, and a denial of a lien against the freehold estate held by him. That if Clark had expressly promised to pay for the materials and fixtures under the issue in the mechanic's lien suit a judgment would have been obtained against him establishing the lien against the freehold. And that matter being within the issues of that case—a suit between identically the same parties, and in relation to the same property—is res adjudicata. That

in that suit it must have been adjudicated that Clark was not indebted to plaintiff, and that the freehold estate was not subject to the payment of any indebtedness from the Gerardis or Clark. That being true, that judgment is conclusive against Clark's liability to plaintiff.

But we do not understand that the doctrine of *res adjudicata* can be invoked by demurrer to a petition, especially when the ground of the demurrer goes to its sufficiency. Section 598, Revised Statutes 1899, supra, specifies the grounds upon which a pleading may be demurred to, and nothing not specified in it can be a ground therefor. *Res adjudicata* is an affirmative defense, and like all other defenses of that character must be pleaded, unless the petition upon its face, shows that the cause of action sued upon is in some way barred, which can not be said of the petition in this case. This question was passed upon by this court in the case of Kelly v. Hurt, 61 Mo. 463, in which it was said:

"The point that the validity of Hurt's purchase has been heretofore settled by this court in favor of the defendant in the case of Hurt v. Kelly, 43 Mo. 238, can not be considered by us now. There is no plea in this case that the subject-matter of this suit has become *res adjudicata*, and whether that suit is for any reason a bar to the present one, can not be determined on this demurrer." [Mo. Pac. Ry. Co. v. Levy, 17 Mo. App. 501.]

It may be that the former judgment is a bar to a recovery in this action, but that question should be raised by a plea of *res adjudicata*, and supported by proof that the matters adjudicated in the former suit were the same that are now presented for determination in the suit at bar. It follows that the demurrer could not properly have been sustained upon this ground.

Still another ground of demurrer is that several causes of action are improperly joined in the same petition. Plaintiff insists that this ground comes too late. The argument is

that, as defendant filed a demurrer to the amended petition on the same ground which was overruled, and he answered over, he waived his right to demur to the second amended petition which was thereafter filed. But we are unable to appreciate the force of this argument for the reason that when the amended petition was filed the petition of which it was amendatory was superseded, and the case stood just as if the amended petition was a new action, and it will not do to say that because defendant demurred to a superseded petition, which was overruled, that he thereby waived his right to demur to an amended petition thereafter filed.

The first count of the petition is bottomed on a promise to pay for work and labor done and for materials furnished; the second upon a cause of action for damages by reason of a conveyance of the leasehold interest of the Gerardis to Clark and his conversion of the property constituting the materials and fixtures. These matters are in no way connected with each other. One is based upon contract, the other on tort. The first count of the petition proceeds upon the theory that Clark promised to pay for the work done, and materials furnished by plaintiff, while the second count attempts to state a cause of action against Clark and the Gerardis, and while section 593, Revised Statutes 1899, permits the joining of different causes of action in the same petition, they must each affect all the parties to the action. [Liney v. Martin, 29 Mo. 28; Doan v. Holly, 26 Mo. 186.] It follows that this ground of demurrer was well taken. The judgment is affirmed. All concur.