**POTAMITIS v. PITTSBURGH PLATE GLASS CO.**

No. 10154.

Circuit Court of Appeals, Eighth Circuit.

March 25, 1936.

Everett Hullverson, of St. Louis, Mo. (Robert L. Aronson, of St. Louis, Mo., on the brief), for appellant.

Daniel N. Kirby, of St. Louis, Mo. (Everett Paul Griffin, Clifford B. Allen, and Nagel, Kirby, Orrick & Shepley, all of St. Louis, Mo., on the brief), for appellee.

Before STONE, SANBORN, and VAN VALKENBURGH, Circuit Judges.

STONE, Circuit Judge.

Appellant brought an action at law for personal injury in a state court of Missouri which was later removed to the United States District Court for the Eastern District of Missouri. Defendant filed a motion to dismiss on the ground that the cause of action stated in the petition was included within an earlier suit in the state court wherein judgment had been entered upon a confession, the full amount sought therein paid into court and received by this plaintiff, and the judgment satisfied. Testimony as to the identity of the two actions was introduced by defendant in support of the motion. Plaintiff challenged the propriety of presenting and determining this issue by a motion to dismiss the petition

and declined to introduce evidence. On the showing made by the above evidence and expressing much doubt as to the procedure, the court sustained the motion and entered judgment in favor of defendant. From that judgment this appeal.

The sole point in the court below and presented here is that the defense of res judicata cannot, under the circumstances here, be raised and determined on a motion to dismiss the petition.

The rule in the federal courts and also announced by the Supreme Court of Missouri is that a defense of res judicata cannot be determined upon a demurrer to or a motion to dismiss the petition unless the identity of the two actions can be determined from the face of the petition itself. Cuff v. United States, 64 F.(2d) 624, 627 (C.C.A.9); Keown v. Hughes, 265 F. 572, 574, 575 (C.C.A.1); Hewitt v. Great Western Beet Sugar Co., 230 F. 394, 398 (C.C.A.9); International Ry. Co. v. Prendergast, 29 F.(2d) 296, 299 (D.C.W.D.N.Y.); Desert King Mining Co. v. Wedekind, 110 F. 873, 877 (C.C.Nev.); Scanlon v. Kansas City, 325 Mo. 125, 138, 28 S.W. (2d) 84; Kilpatrick v. Robert, 278 Mo. 257, 262, 263, 212 S.W. 884; Beattie Mfg. Co. v. Gerardi, 166 Mo. 142, 155, 65 S.W. 1035; Givens v. Thompson, 110 Mo. 432, 443, 19 S.W. 833; Kelly v. Hurt, 61 Mo. 463; compare Schendel v. McGee, 300 F. 273, 279 (C.C.A.8). Therefore, unless it can be ascertained from the face of this petition that the cause of action has been heretofore determined this judgment must be reversed.

This suit was filed August 4, 1933, in the state trial court. It sets forth various violations of the state statutes of Missouri having to do with the protection of workmen from occupational injuries and diseases and seeks recovery for injuries resulting therefrom. Although the second paragraph of the petition states "that at all times hereinafter mentioned, for a long time prior to the filing of this petition," plaintiff was employed by defendant yet there is no more definite statement in the petition as to the dates or period of such employment. The petition contains no reference whatsoever to the prior suit in the state court or any earlier other action or controversy between the parties. So far as the face of this petition is concerned there is no information whatsoever of any earlier contest between the parties. If the above-stated rule of law is accurate it is obvious that a motion to dismiss on the ground of res adjudicata can find no resting place on the face of this petition.

The situation here is quite aggravating, and we feel considerable sympathy toward the action of the trial court; but we think that this is much more than a technical departure from established rules of procedure. The defendant has a right to its defense of res adjudicata. Whether that defense can be maintained depends upon the identity of the two actions. Since this petition does not present even the existence of any prior action, it is clear that such identity must depend upon proof of the prior action and a comparison with the present suit. What the prior action covered being thus a matter of necessary proof, it is a question of fact as to which both parties have a right to introduce evidence bearing upon that issue as well as upon the issue of identity. That evidence may or may not produce a situation where the trial court will be justified in declaring the identity and directing a verdict. The proper method of presenting this defense where, as here, the grounds therefor do not appear upon the face of the petition, is by a plea in the answer to the merits.

The judgment must be and is reversed, and the case remanded for proceedings not inconsistent herewith.