WILLIAM DUVALL by next friend ALLEN JONES, Plaintiff in Error, *vs.* JAMES D. TINSLEY, Defendant in Error.

1. *Practice, civil—Petition—Specific performance—Rents and profits.*—A claim for specific performance and for rents and profits may be united in the same bill.

*Error to Pemiscott Circuit Court.*

*Louis Houck*, for Plaintiff in Error.

I. "A bill is not treated as multifarious because it joins two good causes of action, growing out of the same transaction." (Story Eq. Pl., § 284.)

II. Equity will do complete justice between the parties. (McDaniels vs. Lee, 37 Mo., 204; Holland vs. Anderson, 38 Mo., 55; Watts vs. Waddle, 6 Pet., 389; Stevens vs. Gladding, 17 How., 459; 3 Dan. Chy. Pr., §§ 1906, 1914; Villa vs. Rodriques, 12 Wall., 323.)

*R. H. Hatcher & A. J. P. Garesche,* for Defendant in Error.

I. The petition is in equity, and the prayer for relief is blended with a prayer for judgment for damages. Equity and law may be united in same petition, but must be stated in different causes of action. (Wynn vs. Cory, 43 Mo., 301; Henderson vs. Dickey, 50 Mo., 161.)

ADAMS, Judge, delivered the opinion of the court.

This case comes here on a demurrer to the plaintiff's petition, which was sustained by the court and final judgment rendered in favor of the defendant.

The petition is in the nature of a bill in equity for the specific performance of a contract for the conveyance of certain lands and town lots in Pemiscott county. The petition alleges, that Lee M. Duvall departed this life sometime in 1865, leaving the plaintiff as his only heir at law; that prior to his death, in February, 1865, he bought of the defendant the lands and town lots referred to, and paid him the contract price, three thousand dollars in hand, and the defendant gave him a title bond, which is exhibited with the petition, whereby he bound himself to make him a deed as soon as it could be done; and that the said Lee M. Duvall entered into the possession, and after his death the defendant entered upon the lands and lots and has retained the possession ever since; that the defendant has neglected and refused to make a conveyance and still neglects and refuses to do so.

The relief prayed for is, that the defendant be compelled to make the plaintiff a conveyance in fee, or that the court decree the title to him; and that the defendant be compelled to account for the rents and profits from the time he entered into the possession.

The only ground of demurrer is, that several causes of action have been improperly united in the petition.

The point made is, that the petition claims specific performance, and also the rents and profits, and that it is therefore multifarious. It is a principle of equity jurisprudence too well settled to need illustration or citation of authorities, that a party entitled to a conveyance of the legal title to lands, and also to the possession and rents and profits, may by one suit and one petition or bill, obtain the whole relief. When a court of equity entertains jurisdiction at all, it will give adequate and full relief.

The petition under review is not multifarious. There is but a single cause of action set forth, and that is for the conveyance of the land and the possession of it according to the contract of the defendant; the rents and profits are merely incidental and grow out of the right to the conveyance and possession.

The court could not give full and adequate relief without compelling the defendant not only to make the conveyance, but to surrender the possession and account for the rents and profits.

Let the judgment be reversed and the cause remanded; the other judges concur.