HAMMOND v. FOREMAN.

1. EQUITY—SPECIFIC PERFORMANCE.—An action to enforce the specific performance of a contract to buy a tract of land is within the *equity* jurisdiction of the Court.
2. CASE CRITICISED.—*Holley* v. *Anness*, 41 S. C., 349, *criticised*.

Before BENET, J., Aiken, October, 1896.   Reversed.

Action by E. S. Hammond, as trustee, against Thomas
L. Foreman, to enforce the specific performance by Fore-
man of a written contract executed by him to buy a tract
of land from Hammond, trustee.   Judgment for defendant.
Plaintiff appeals.

*Mr. W. B. Woodward*, for appellant, cites: Rich. Eq.
Cases, 235; 16 S. C., 88; 21 S. C., 121; 28 S. C., 58; 31 S.
C., 276; 32 S. C., 213; 33 S. C., 382; 36 S. C., 137; 40 S.
C., 43; 22 S. E. R., 178; 5 Peters, 278.

*Messrs. Henderson Bros.*, contra, cite: 41 S. C., 353; 91
U. S., 643; 4 Peters, 311; Riley, 181; Hill Ch., 51; 2 Strob.
Eq., 72; 32 S. C., 558.

Jan. 6, 1897.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an action for the specific
performauce of a written contract for the sale of land,
brought by the vendor against the vendee.   His Honor,
Judge Benet, heard the case on testimony taken by the mas-
ter, and decided that the court of equity did not have juris-
diction, on the ground that there was a plain and adequate
remedy at law, and that there were no peculiar featnres in
the contract why equity should interfere.   There were some
other matters stated in the case, but the views of the Court
render them immaterial.

This case is controlled by *Gregorie et al.* v. *Bulow*, Rich.
Eq. Cases, 235, which has not been overruled, and there is
no desire on the part of the Court to question its
authority.   That case has not only for its support
the doctrine of *stare decisis*, but is in harmony with
the modern doctrines of equity jurisprudence.   Mr. Pome-
roy, in the first volume of his Equity Jurisprudence, section
138, says: "The exclusive jurisdiction includes, *secondly*,
all civil cases in which the remedy to be granted—and, of
course, the remedial right—is purely equitable, or one

which is recognized and administered by courts of equity, and not by courts of law. In the cases of this kind, the primary right, which is maintained, redressed or enforced, is sometimes equitable and is sometimes legal, but the jurisdiction depends not upon the nature of these rights, estates or interests, but wholly upon the nature of the remedies. Cases in which the remedy sought and obtained is one which equity courts alone are able to confer, must, upon any consistent system of classification, belong to the *exclusive* jurisdiction of equity, even though the primary right, estate or interest of the party is one which the courts of law recognize, and for the violation of which they give *some* remedy. Thus a suit to compel the specific performance of a contract falls under the exclusive jurisdiction of equity, although a legal right also arises from the contract, and courts of law will give the remedy of damages for its violation." In a note to section 139 of the same volume, the author says: "There is a distinction here of great importance, but which has often been overlooked. The want of a full, adequate, and complete remedy at law under the circumstances of the particular case, is also the reason why the jurisdiction of equity is *exercised*, and a decision is made in favor of the plaintiff, granting him equitable relief in some instances of the *exclusive* jurisdiction—as, for example, in suits for the specific performance of contracts. But such facts are not in these instances the foundation of the *jurisdiction*, it is only the occasion on which a decision is rightfully made, in pursuance of the doctrines of equity jurisprudence, by courts already possessing the jurisdiction. The jurisdiction exists because courts of equity alone are competent to administer these remedies. In all instances of *concurrent* jurisdiction both the courts of law and equity are competent to administer the same remedy, and the foundation of the *jurisdiction* in equity is the inadequacy of the relief as it is administered through means of the legal procedure. The *exclusive* jurisdiction of equity rests upon an entirely different foundation, and exists absolutely without reference

12—48

to the adequacy of legal reliefs.   This distinction is a plain one, but is often lost sight of; the two classes of cases are often confounded, and the equitable *jurisdiction*, in all instances exclusive and concurrent, is made to rest merely upon the inadequacy of legal remedies.   This error grows out of the tendency to confound questions as to the equitable *jurisdiction*—*i. e.*, the powers of equity courts to hear and decide; with the altogether different questions as to the rightfulness of their decision—*i. e.*, whether according to the doctrines of equity a case unquestionably within their jurisdiction was properly decided."   In section 219 of the same volume the author says: "The exclusive jurisdiction consists, as has been shown, of two distinct branches, viz: 1, where the primary rights, interests or estates of the complaining party are wholly equitable; and 2, where the primary rights, interests or estates are legal, but the remedies sought and obtained are wholly equitable.   The principle that the inadequacy of legal remedies furnishes the occasion for a resort to the equitable jurisdiction, and the rule for its proper exercise does not extend to the first branch or division of the exclusive jurisdiction.   The exercise of the power belonging to the first branch to adjudicate upon, maintain, enforce or to protect purely equitable primary rights, interests or estates, does not at all depend upon any insufficiency or inadequacy of legal methods and remedies, but solely upon the fact that these primary rights, interests or estates are wholly equitable, are not recognized by the law, nor cognizable by the courts of law, and there is, therefore, no other mode of maintaining and enforcing them except by the courts of equity, &c."   In a note to section 1400, vol. 3, the author says: "Although contracts may also give rise to a legal right, yet when equity compels their specific performance, it enforces the equitable obligations arising from them, and not the legal duty."

The facts and circumstances in the case of *Holley* v. *Anness*, 41 S. C., 349, were not such as to have warranted the Court in *exercising* its equitable powers, but that

case cannot be regarded as authority for the proposition that the Court of Equity did not have *jurisdiction*. Furthermore, sec. 178 of Pom. Eq. Jur., therein quoted by the Court, only applies to cases where redress is sought for the violation of a primary *legal* right, and not, as in this case, where the plaintiff seeks the enforcement of a primary *equitable* right. One belongs to the *exclusive* and the other to the *concurrent* jurisdiction of the Court. One depends upon the adequacy of legal remedies, the other does not. The order of the Circuit Judge was erroneous, and the case will be remanded so as to have it decided on the merits, on the equity side of the Court.

It is the judgment of this Court, that the order of the Circuit Court be reversed.