8402

THE FARM AND LAND CO. v. ROSEMAN.

SPECIFIC PERFORMANCE.—The vendor of a tract of land under a written contract of sale may maintain an action for specific performance against his vendee, while he is still in possession of the land, after tender of deed and possession.

Before MEMMINGER, J., Abbeville, October, 1912. Reversed.

Action by the Farm and Land Company of Abbeville against J. W. Roseman. Plaintiff appeals.

*Messrs. Green & Hill,* for appellant, cite: Rich. Eq. Cas. 235; 7 S. C. 181; 16 S. C. 87; 21 S. C. 121, 205; 48 S. C. 175; 53 S. C. 569; 68 S. C. 442; 2 Spence's Eq. Jur. 310; 22 N. J. 547; 21 S. C. 121.

*Mr. Wm. N. Graydon,* contra, cites: 41 S. C. 349; 48 S. C. 175; 21 Wall. 302; 32 S. C. 203; 56 S. C. 252; 36 Cyc. 544; 1 Hills Ch. 51; 6 Pom. Eq. Jur., sec. 763; 3 Pom. Eq. Jur., sec. 1293; 6 L. R. A. (N. S.) 403; Pom. Eq. Spec. Per., sec. 387.

January 10, 1913.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   Plaintiff brought this action for the specific performance of a written contract with defendant, dated July 10, 1911, whereby plaintiff agreed to sell and convey to defendant and make him fee simple titles to the tract of land therein described, on January 1, 1912, and defendant agreed to buy the same and pay therefor $1,100— $300 cash, at said date, and to give his note and a first mortgage on the land for the balance.

Plaintiff alleges ownership in fee and possession of the land, the execution of the contract, its readiness, willingness and offer to perform, the refusal of defendant to accept the deed and perform his part of the contract, according to its terms.

The defendant demurred to the complaint for insufficiency, because the complaint shows that plaintiff still has possession of the land, and can sell it if it desires to do so,

and fails to allege that plaintiff has been damaged by defendant's breach of the contract. The Court sustained the demurrer and dismissed the complaint.

The case is ruled by the principles decided in *Gregorie* v. *Bulow,* Rich. Eq. cas. 235, and *Hammond* v. *Foreman,* 48 S. C. 175, 26 S. E. 212. The rights and obligations of the parties to the contract are mutual. The defendant would have had the right, under the contract to compel performance thereof by the plaintiff. The plaintiff must be accorded the same right. In *Gregorie* v. *Bulow,* Judge O'Neall says: "But, I apprehend, the case does not exist, where a vendee, on a contract, can come into the court of equity for specific performance, and the vendor cannot."

Reversed.