## 9226

### POWELL v. McDAVID *ET AL.*

#### (86 S. E. 769.)

CONTRACTS.   VENDOR AND PURCHASER.   STATUTE OF FRAUDS.   SPECIFIC PERFORMANCE.   APPEAL AND ERROR.   SPECULATIVE QUESTION.

1. APPEAL AND ERROR—SPECULATIVE QUESTION.—That, pending appeal by a vendor from the judgment denying him specific performance, he loses title by foreclosure of mortgage, is not ground for dismissal, on the ground that the question whether the purchaser should have been compelled to perform has become speculative; as the vendor might still be entitled to relief by way of damages.

2. FRAUDS, STATUTE OF—SALE OF LAND—RECEIPT—SPECIFIC PERFORMANCE BY VENDOR.—Where the written memorandum of sale of land, in the form of a receipt for part payment, is signed only by the vendor, he cannot have specific performance.

Before SEASE, J., Abbeville, November, 1914.   Affirmed.

Action by Annie R. Powell against J. E. McDavid and another.   From an adverse judgment, plaintiff appeals.

*Mr. Wm. N. Graydon,* for appellant, cites: *As to satisfaction of statute of frauds:* 1 McC. L. 426; 1 Peters 640; 7 L. Ed. 295; Fry on Specific Performance, secs, 486 and 498; 2 Nott & McC. 207; 6 East 307; McMull. Eq. 311; 28 L. R. A. (N. S.) 680 to 701; 217 Ill. 262; 2 L. R. A. (N. S.) 221; 84 S. C. 197; 10 Rich. Eq. 459; 48 S. C. 496; 25 S. C. 506; 27 S. C. 363; 21 S. C. 480; 85 S. C. 84; 91 S. C. 7; 86 S. C. 76; 25 S. W. 472; 21 S. C. 952; 93 S. C. 350; Rich. Eq. Cas. 235; 48 S. C. 175.

*Mr. Wm. P. Greene,* for respondent, submits: *Evidence of contract insufficient to satisfy statute of frauds:* 28 Pac. 164; 30 Pac. 459; 40 S. C. 510; 21 S. C. 480; 67 S. E. 158;

FOOTNOTE.—As to who must sign note or memorandum of executory contract for sale of real property or chattels within the statute of frauds, see note in 44 L. R. A. (N. S.) 410 to 414.

74 S. E. 47 ; 67 S. E. 907 ; 25 S. W. 474 ; 8 A. & E. Enc. of L. 718.

October 30, 1915.

The opinion of the Court was delivered by Mr. Justice Hydrick.

This is an action by the vendor against the vendee for the specific performance of a contract for the purchase of real estate. The contract relied upon to take the case out of the statute of frauds is in the form of a receipt for $5, part of the purchase price, which was written by the agent of the vendee and signed only by the agent of the vendor. The Circuit Court dismissed the complaint, and plaintiff appealed.

Upon the call of the case for hearing in this Court a motion was made to dismiss the appeal on the ground that since the rendition of the judgment in the Circuit Court dismissing the complaint the land in question has been sold under judgment of foreclosure of mortgage against the vendor, and the purchaser at the foreclosure sale has complied with the terms of the sale and received the master's deed to the property, and, therefore, the vendor, the plaintiff herein, cannot now perform her part of the contract, and the question whether the vendee should have been compelled to perform has become speculative.

The motion was refused, because, notwithstanding the plaintiff may not now be able to perform the contract, if she had had an enforceable contract with defendant which he refused to perform when he should have done so, and when she could have performed her part by giving him good titles to the land, she might have been entitled to relief by way of damages for the breach of such contract by defendant.

Coming to the merits, the judgment of the Circuit Court is vindicated by the opinion of the Court and the authorities

therein cited.   Examination of the cases cited from our own reports and relied upon by appellant will show that in each of them the action was brought against the party who had signed the contract.

The appellant has misapplied the language of this Court in *Farm & Land Co.* v. *Roseman*, 93 S. C. 350, 76 S. E. 979, in which the Court said:

"The rights and obligations of the parties to the contract are mutual.   The defendant would have had the right under the contract to compel performance thereof by the plaintiff. The plaintiff must be accorded the same right."

The language quoted had no reference to the question now before the Court, but to the question then under consideration, to wit, whether a vendor could maintain an action for specific performance against a vendee.   It had been decided on Circuit that he could not, because his remedy at law by action for damages for breach of the contract was adequate, and, therefore, the Court of equity had no jurisdiction to decree specific performance in his favor.   But this Court held, upon the authorities cited and for the reason stated in the language above quoted, that a vendor may have specific performance as well as a vendee.   It was unnecessary to add what was necessarily implied: That he must sue upon a contract which satisfies the statute of frauds, or upon facts which take the case out of the statute.

Judgment affirmed.