Darby, J.
This is an action for specific performance of a contract for the sale of real estate.
After the answer was filed, the plaintiff filed a supplemental petition setting forth that at the time the defendants agreed to sell and convey property to the plaintiff, the same was occupied by tenants from whom the defendants received monthly rental; that the rentals paid by the tenants from that time up to the present month of April, 1919, amount to about $1,350, which the plaintiff has demanded of the defendants, and which wras refused.
The prayer of this supplemental petition is as follows:
“Wherefore plaintiff prays as in his original petition, and for an accounting of rents and profits arising from said property from and including the month of August, 1918; fo.r a receiver to take charge of said property pending the hearing of this suit and for judgment for said rents and profits and other relief to which he may be entitled.”
*184 A demurrer was filed to the supplemental petition on the ground that plaintiff has already elected to sue for specific performance, and that there is a misjoinder of causes of action.
. In support of their contention defendants cite two cases which are substantially in accord as follows; Zutterling et al v. Drake, 10 C. C. (N. S.), 167, and Lee et al v. Thoma, 17 C. C. (N. S.), 144, in which the rule is stated to be:
“An election between remedies can be made but once, and where a plaintiff has chosen to ask for specific performance he can not subsequently maintain a suit for damages.”
<
In both of these cases the plaintiff had made his election between specific performance and damages, and subsequently sought to maintain a different action arising upon the' same contract. This the court held could not be done, as his election between the remedies was binding.
The principle of these eases has no application to the case at bar. The original petition prays—
“That defendants herein be decreed to convey said premises to plaintiff by a general warranty deed.
The supplementary petition prays, not only as in the original petition, but also for an accounting of the rents and profits arising from the property and for a receiver to take charge, etc. The relief sought by reason of the supplemental petition is nothing more than ancillary to the petition.
Under the ample authority of a court of equity to grant full and adequate relief for breach of contract for specific performance, allowance would be made for rents, etc., without this supplemental petition.
In Worrall, etc., v. Munn, 38 N. Y., 137, the rule is stated as follows:
“When a court of equity sustains a bill, filed to compel the specific performance of a contract for the conveyance of lands, and decrees such conveyance, it is within the proper exercise of its jurisdiction, and according to its settled modern practice, *185 to give full and complete relief, by awarding to the plaintiff, not only the conveyance to which he is entitled, but also the damages which the defendant has caused by his refusal and delay in the performance of his contract, and these may be ascertained by the court in any mode which its discretion approves.
! ‘ The general rule that the vendor will be regarded as trustee of the land for the benefit of the purchaser, and liable to account to him for rents and profits, or, if himself in actual occupation of the premises, charged with the value of the use, is not inflexible; and a court of equity will regard the special circumstances of the case, wherever there are any peculiarities, which render the rigid application of any general rule unsatisfactory.”
On page 142 of the opinion we find the following:
“The general rule on this subject, as laid down by the elementary writers, and in the adjudged cases, is, that the court of equity will, so far as possible, place the parties in the same situation as they would have been if the contract had been performed according to its terms; and, to that end, the vendor will be regarded as trustee of the land for the benefit of the purchaser, and liable to account to him for the rents and profits; and the purchaser will be treated as trustee of the purchase money, if not paid, and will be charged with interest thereon. (2 Story’s Eq. Jur., Section 789; Fry on Spec. Performance, Section 889, and cases cited.).”
In Duvall, etc., v. Tinsley, 54 Mo., 93, the action was in the nature of a bill in equity for the specific performance of a contract for the conveyance of lands. A demurrer was filed on the ground that several causes of action were improperly united in the petition. On page 95 of the opinion, the rule is stated as follows:
“The point made is, that the petition claims specific performance, and also the rents and profits, and that it is therefore multifarious. It is a principle of equity jurisprudence too well settled to need illustration or citation of authorities, that a party entitled to a conveyance of the legal title to lands, and also to the possession and rents and profits, may by one suit and one petition or bill, obtain the whole relief. When a court of *186 equity entertains jurisdiction at all it will give adequate and full relief.”
Davenport v. Lattimer, 53 S. C., 567, was an action for specific performance. The court say on page 569:
“The complaint is not demurrable as alleging a cause of action for damages only, which should be tried on the law side of court. The primary right set up in the complaint is equitable, and the claim for damages is incidental to, and intimately connected with, the equitable right claimed. Therefore, while it may be that a court of law could have rendered relief in damages, still, the court of equity having exclusive jurisdiction of the equitable primary right, and concurrent jurisdiction with the court of law as to the incidental and alternative right to damages or compensation, is competent to administer full relief according to the ultimate rights of the parties. Hammon v. Foreman, 48 S. C., 175; 26 S. E., 212. The complaint states facts which, if true, would entitle plaintiff to a specific performance of the agreement alleged, or, if specific performance was impossible, to compensation for breach.”
San Diego Water Co. v. Flume Co., 108 Cal., 549, was an action for specific performance, in which it was said in the second syllabus:
“Where a complaint sets forth a contract between the plaintiff and the defendant, of which it seeks a specific performance, together with an accounting and damages for breach of the contract, and for general relief, it is not demurrable for misjoinder of causes of action, nor for uncertainty in not separately stating and numbering several causes of action.”
See, also, 3 Bates PL and Pr., Section 2770; Fry on Spec. Performance of Contracts, 3 Ed., 644.
The plaintiff by his supplemental petition is entitled to the relief asked for ancillary to the general relief prayed for in his petition.
The demurrer will therefore be overruled.