## PURDY, Appellant, v. PFAFF, Respondent.

### St. Louis Court of Appeals, February 2, 1904.

1. **PLEADINGS: Amendments: Changing Cause of Action.** An amended petition, which substitutes a different cause of action from that stated in the original complaint, is properly stricken out on motion of defendant.

2. ——: ——: ——. For the purpose of determining whether there is a departure from the original cause of action, a second amended petition must be compared with the original petition, not with the first amended petition, though no objection was raised to the first amended petition on the ground of departure.

Appeal from Lawrence Circuit Court.—*Hon. H. C. Pepper*, Judge.

AFFIRMED.

*W. Cloud* for appellant.

Respondent by his brief still would insist that the claim of the salary of the post office was against public policy. There is no longer any question before the court on this point, since the demurrer was sustained and appellant by the amended petition has waived any claim based on that contention. This brings us to the point at issue: To-wit, as to whether after the abandonment of the original petition by filing the first amended petition which became the original by taking its place, the petition first filed was any part of the record for any purpose? If this amended petition contained two causes of action, as adjudged by the court in sustaining demurrer to same, then one of them must have been a specific claim for the use of the furniture and fixtures, which, it had been alleged in the first petition had

been used by respondent for ten months by permission of the appellant, for which he was to pay. If this claim was so stated in the first amended petition as to be a cause of action, and it was a fact that it had not been so stated in the cause of action counted on the first petition then there might have been a departure and it might have been stricken out on respondent's motion. If he allowed it to stand as a cause of action and by his demurrer had it adjudged as such, he could not when the same cause of action was restated in the second amended petition have it stricken out, because it was a departure from the first petition, the first petition was no longer in the case for any purpose, having been abandoned by all parties. Ross v. C. & A. M. L. Co., 162 Mo. 317.

*Thos. Carlin* for respondent.

The only point for review, is the action of the court striking out appellant's second amended petition. The original petition is prolix in evidence and inducement, but nowhere states that respondent used or promised to pay for the use of post office fixtures. Plaintiff's second amended petition is founded upon a claim for the use of post office fixtures. Attached thereto is an account, not referred to in the petition. There was nothing in the original petition from which it could have been inferred that appellant sought to recover other than for the salary of acting postmaster. Our code does not permit a party to inject into or to substitute an entirely different cause of action in an amended petition for that originally declared upon in his first petition, for that would be a departure. Ross et al. v. C. & L. Co., 162 Mo. 317; Leslie v. Meyer, 143 Mo. 547; Heman v. Glann, 129 Mo. 325.

REYBURN, J.--The sole question presented for the decision of this court necessitates the reproduction of the plaintiff's pleadings although they are somewhat

lengthy.    Plaintiff brought this action to November term of the circuit court of Lawrence county, by filing the following petition:

"Plaintiff states that on June 1, 1900, and for a long time prior thereto George A. Purdy was, and had been postmaster at Pierce City, Missouri, under an appointment of the President of the United States for a term ending January 21, 1902. That as such he had executed bond to the United States in the sum of $6,000 by which he had bound himself, his heirs and executors to perform and cause to be performed all the duties of said office during his said term and his successor should be duly appointed and take charge of said office. That the defendant and others were his securities in said bond and by its terms become liable to the penalties of the same if default was made and the principal in said bond should not pay the same. That the duties of said office were in part, that a suitable room and place should be maintained with boxes, safes, and other furniture and fixtures to receive all mailable matter coming, see that it was properly stamped, cancel the stamp, and forward the same to its proper destination. To receive and distribute all such matters as might through the regular channels of the mail come to said office. To sell stamps and postal cards, issue money orders and collect fees and commission therefor, to rent the boxes and collect the rentals due on same, to pay off all legitimate expenses including his own salary and commissions, and remit the balance to the United States treasury. That for his services he received about one hundred and fifty dollars, out of which he had to pay two clerks and all other expenses. That all the fixtures and furniture was furnished by the postmaster at his own cost and was his own individual property. That the said Purdy was on said date employing two clerks, for which he paid them $30 and $15, respectively and the said clerks were doing all the work required in said office. Plaintiff says that on the first day of June, aforesaid, the said George A.

Purdy died, leaving the said office with all its fixtures, furniture and belongings in charge of the plaintiff as his widow and executrix, but more immediately in charge of the clerks aforesaid, who were there and continued thereafter to perform all the work in said office at the same salary, till the successor of said Purdy was appointed and took charge of said office on the first day of April, 1901. That in order that the securities on his said bond and the estate of Purdy be fully protected, and the contract therein contained be fully executed till such time as there should be appointed, it was arranged between the plaintiff and the bondsmen for the defendant to be in personal charge of said office and to act for them (*pro tem*) and do such acts and duties as could only have been done by the said George A. Purdy, personally, take charge of the receipts of said office, collect the compensation allowed to said Purdy, pay all the expenses, all of the same, and after receiving a reasonable compensation for his services, pay the remainder to plaintiff. That under said arrangement, agreement and understanding the defendant collected each month the sum of one hundred and fifty dollars, paid to the clerks forty-five dollars, which was all the expenses for which the office was liable, appropriated the balance of one hundred and five dollars each month to his own use and continued to do this for ten months and had failed to account for the said sum of $1,050 so received or to pay the same or any part thereof to the plaintiff, although required so to do. That the said George A. Purdy left a will by which he devised all his property and personal effects to this plaintiff who was also appointed and named there as his executrix, which will was on the fourth day of June, 1900, duly probated in Lawrence county and letters testamentary were granted to plaintiff; that on the first day of October, 1901, plaintiff demanded of defendant the amount sued for. Wherefore plaintiff prays judgment for one thousand and fifty dollars with the interest thereon from the first

day of October, 1901, at the rate of six per cent and for costs."

Defendant's general demurrer was awaiting the action of the court when, by leave of court, plaintiff substituted an amended petition, thus:

"Plaintiff for amended petition states that on the first day of June, 1900, her husband George A. Purdy was postmaster at Pierce City, Missouri, under an appointment of the President for a term ending January 21, 1902, and had at a large outlay furnished the office with the latest and most improved fixtures and furniture for conveniently operating the office and had procured the assistance of clerks, whom he had trained until they were fully competent to carry on said office for all of which he received about $1,800 per year, out of which he paid his clerks $45 per month. He had executed a bond to the government in the sum of $6,000 conditioned that said office should be carried on during his term according to law, and the defendant, Albert Pfaff and R. T. Brite, Frank Wicks, Barney Mullrenin, Chas. Hellweg, Fred Albert were his bondsmen. That on the said first day of June, 1900, the said George A. Purdy died testate, giving to plaintiff all his personal effects and appointing her executrix of his will with full power of disposing of his property and thereafter on the fourth day of June the said will was probated when she took charge of the estate, including the post office, fixtures and furniture aforesaid. Upon the death of George A. Purdy, the bondsmen aforesaid took charge of the office including the property and deputed the defendant to carry on the business of said office until such time as other arrangements should be made. Soon after the plaintiff took charge of her late husband's affairs, there was a movement made by her friends to give her the benefit of the office during the unexpired term of her late husband of which the defendant was advised, and came to the home of plaintiff to confer with her in regard to the matter, and informed her that he had in-

tended to apply for the office, but he had heard of the movement of her friends to give her the benefit of the office and if she desired it he would be glad to assist her and would not put in an application until the expiration of said term, but that he would like to stay in the office and qualify himself to become postmaster and place her friends under obligations to assist him to get the appointment. That the assistant postmaster and clerks were competent and able to carry on the office without his assistance, but that for the reason mentioned he would like to be retained and his compensation would be small as the office was fully equipped and the bond would continue, and he would have no additional responsibility. That he wanted her to have so much of the pay, inasmuch as it all rightfully belonged to her. That he would be glad to assist her in any way he could and that he would go ahead and continue to act for the bondsmen, and after paying the expenses of clerk hire, rental of fixtures and reasonable compensation for such services as he should render, he would pay her the balance allowed said office, provided she would allow him the use of the fixtures and property in said office belonging to her as heretofore agreed by them, to which she agreed. And she immediately advised her friends of this arrangement which was satisfactory to them, and thereupon took steps as that, there was no appointment made for ten months. During all of which time the defendant was fully advised of what her friends were doing and he was in frequent consultation with her attorney as well as herself, and professed to be assisting in carrying out the arrangement. And in furtherance thereof continued in the office acquainting himself with the duties thereof, for such time as he could leave his mercantile business at Monett until April 1, 1902. The same clerks who had been doing the business when he went into the office continued to run the office as they were fully competent and able to do for the same salary paid theretofore. All the fixtures and furniture remain-

ing as before agreed upon. The use of which was of great value to him, to-wit, $25 a month which he had theretofore agreed to pay plaintiff. Plaintiff states that the government paid to defendant on account of said post office, $1,500 out of which he paid to the help $450 leaving in his hands a balance of $1,050 which he agreed to pay plaintiff as aforesaid, after deducting a reasonable amount for his services and other expenses which would not exceed $300 which he has failed to pay plaintiff, although often demanded, wherefore she prays that by reason of the agreement, and by reason of the use of the property and fixtures aforesaid, she have judgment for the sum of $750 with interest thereon from the time of demand, to-wit, the first day of May, 1901, at the rate of six per cent and costs.''

A demurrer, based on the reasons that the amended petition did not state facts sufficient to constitute a cause of action against defendant, and that several causes of action were sought to be pleaded in the same count, was sustained and a second amended petition filed by leave in form following:

"Plaintiff for amended petition states that on the first day of June, 1900, her husband, George A. Purdy, was postmaster at Pierce City, Missouri, under the appointment of the President, for a term ending January 21, 1902. And had at a large outlay furnished the office with fixtures and furniture for conveniently operating the same, which remained his property. He had executed a bond to the government, conditioned as required by law, with the defendant and others as his bondsmen. That on the first day of June, 1900, the said George A. Purdy died testate leaving to the plaintiff all his effects, including the property aforesaid, appointing her, the plaintiff, executrix of his said will with full power of using and disposing of all of the personal property and effects belonging to said estate. That on the fourth day of June, 1900, said will was duly probated and then she

took charge of the said estate, including the property hereinbefore and hereinafter mentioned.

"That upon the death of said George A. Purdy the bondsmen took charge of the office and deputed the defendant to carry on said office until such time as other arrangements should be made, which he then and there did. And the defendant desiring to hold and use the said fixtures and furniture in said office belonging to her as aforesaid, consisting of lock and call boxes and general delivery boxes, and connections, safe, distributing boxes, table and boxes, racks, stoves, chairs, and all other furniture and fixtures used in the Pierce City post office at that time, for which he then and there agreed and undertook to pay plaintiff $25 per month for the use thereof. That under said agreement he kept and used said property for ten months by which he became indebted to plaintiff in the sum of $250 which amount the defendant has failed to pay, although often requested to do so. Wherefore plaintiff prays judgment for $250, the interest and cost.

Plaintiff for another cause of action alleges that on the fourth day of June, 1900, she was the owner and entitled to the possession of the following personal property, to-wit, all the furniture and fixtures of the Pierce City post office, consisting of lock and call boxes, general delivery, money and stamp departments, desks, iron safe, chairs, distributing table, racks, stove and all other furniture and fixtures used in said office. And the defendant desiring to use the same was permitted to do so by the plaintiff, upon his request, for which he undertook to pay a reasonable sum for the use of same, which the plaintiff alleges was $25 per month; that he continued to use the same for ten months; that he has failed to pay said sum or any other sum for the use thereof though often requested so to do. Wherefore she prays judgment for two hundred and fifty dollars, interest and cost."

A motion to strike out this second amended complaint predicated on objection that it was a change, departure from and abandonment of the cause of action attempted to be set up in plaintiff's original petition, was sustained, plaintiff declined to plead further, and from judgment for defendant this appeal has been duly taken.

The appellant seeks to uphold the second amended petition, upon the theory that there was no departure therein from the amended petition, the cause of action pleaded in the final complaint having been contained in a different form in the first amended pleading, which defendant, in lieu of assailing by motion to strike out as a departure from the original petition, elected to test the legal effect of by demurrer. Under the code the office of a demurrer is the same as it was at common law, it still is directed to the legal effect of the pleading for defects apparent on face of the pleading, but is confined in range to the statutory limits. Bliss, Code Pleading, sec. 404; Beattie Mfg. Co. v. Gerardi, 166 Mo. 142. But the amended petition may have been vulnerable to objections by demurrer testing its legal sufficiency in setting forth a valid cause of action, and also to motion to strike out as constituting a departure from the cause of action pleaded in the petition; the resort to such motion being the proper method of raising the question of such variance. Manufacturing Co. v. Gerardi, supra.

In Scoville v. Glassner, 79 Mo. 449, later approved in Liese v. Myer, 143 Mo. 547, the tests by which to determine whether a second petition is an amendment or the substitution of a new cause of action is discussed at length, and declared to be first, whether the same evidence will support both petitions, and next, whether the same measure of damages will apply to both. If these questions are answerable in the affirmative, the modification is an amendment, if in the negative, a new cause of action is supplanted and it is a substitution. The original petition, while abandoned by the plaintiff, for-

purpose of presenting her right of action, remained the standard by which to determine whether subsequent petitions embraced the original cause of action, upon which suit was brought, or were departures therefrom and recovery on new causes of action sought. Ross v. Land Co., 162 Mo. 317. While the right of amendment under the code is liberal and comprehensive, a limitation, imposed thereon in this State, is that an amendment of a petition shall not introduce new causes of action, and after instituting an action upon one state of facts, plaintiff is not permitted by amendment of the complaint to substitute a different cause of action from that stated in the original complaint, thus substantially changing his original claim. Ross v. Land Co., supra; Liese v. Meyer, supra; Heman v. Glann, 129 Mo. 325; R. S. 1899, sec. 657.

The judgment of the trial court was correct and is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.