EVELYN DAUSCH BOYD, and ELEANOR DAUSCH, BY BERTHA DAUSCH, Her Next Friend, Plaintiffs in Error, v. ST. LOUIS BREWING ASSOCIATION.—5 S. W. (2d) 46.

Division Two, February 18, 1928.

*Anne M. Evans* for plaintiffs in error.

*Marion C. Early* and *Ivan Lodge* for defendant in error.

1208

HIGBEE, C.—Error to the Circuit Court of the City of St. Louis to review its action in striking out plaintiffs' third amended petition in an action wherein Eleanor Dausch, Evelyn Dausch, Bertha Dausch and William Dausch, by Bertha Dausch, their next friend, were plaintiffs, and St. Louis Brewing Association was defendant, and rendering judgment for the defendant. The statement by the defendant in error, hereafter called the defendant, will give us the viewpoint of its learned counsel. It reads:

"This is an action filed in the Circuit Court, City of St. Louis, March 11, 1912, by Bertha Dausch, in her own right, as widow of William Dausch, deceased, against the St. Louis Brewing Association (defendant in error here).

"The petition alleged that plaintiff was the widow of William Dausch, deceased; that prior to his death said William Dausch was employed by the defendant as hostler, and while so employed was kicked by a vicious mule belonging to defendant, inflicting injuries resulting in his death; that defendant knew that said mule was vicious and was negligent in failing to warn said William Dausch of his danger in working around or with said mule; the petition further stated:

" 'Plaintiff states that she, with her minor children, the children of the said William Dausch, were dependent on the said William Dausch for their support and that by the death of the said William

Dausch, as aforesaid, she has been damaged in the sum of ten thousand dollars, in that she is deprived of his support, as well as of his companionship and society.

" 'Plaintiff therefore prays for a judgment against the defendant in the sum of ten thousand dollars, together with the costs of this suit.'

"The defendant demurred to this petition on the grounds: First, the petition does not state facts sufficient to constitute a cause of action; second, the allegations of the petition affirmatively show that the plaintiff has no right of action; third, it appears on the face of the petition that the plaintiff's alleged cause of action is barred by limitation.

"This demurrer was, on the 20th day of May, 1912, sustained.

"On October 5, 1912, upon notice of plaintiff, leave was granted her by the court to file an amended petition substituting as plaintiffs her four minor children, and said Bertha Dausch was then appointed next friend for said four minor children. The amended petition was then filed, in which the caption differed from the original petition in that Eleanor Dausch, Evelyn Dausch, Bertha Dausch and William Dausch, by Bertha Dausch, their next friend, were named as plaintiffs. The amended petition stated: 'Plaintiff, by leave obtained, filed this, her amended petition, making new parties plaintiff (naming them) four infants, for whom Bertha Dausch, their mother, has been appointed next friend to bring this suit.' The allegations as to the injuries and death were substantially the same as in the original petition, but the allegations as to damages stated the four minor children had been damaged in the sum of ten thousand dollars, 'they having been deprived of his support as well as of his companionship and society.'

"A demurrer to this amended petition was sustained after *a motion to strike it from the files had been overruled*. A second amended petition was then filed which differed from the first amended petition in that it stated that, prior to the filing of this petition, 'Bertha Dausch, by whom they now sue, was, by the court duly appointed their next friend to institute and prosecute this suit.'

"This second amended petition was stricken from the files upon motion of defendant on the grounds that it constituted a departure from the original petition. . . .

"Plaintiff then filed a third amended petition containing substantially the same allegations as the preceding amended petition.

"Defendant filed a motion to strike this pleading from the files on the grounds that it constituted a *departure from the cause of action stated in the original petition*, that it attempted under the guise of an amendment to substitute a cause of action brought by the

1210

minor children of deceased for an action originally brought by the widow in her own right.

"This motion was sustained after which, upon motion of defendant, final judgment was entered against plaintiffs, June 6, 1913." (Our italics.)

I. It appears to be conceded that it was claimed by Bertha Dausch that her husband, Williams Dausch, while employed as a laborer by the defendant, was killed by a vicious mule on March 12, 1911, and that he left surviving him his widow, Bertha Dausch, and four minor children, the above named plaintiffs, and that the record shows that on March 11, 1912, the widow began the action above mentioned against defendant to recover damages under the statute, now Section 4217, Revised Statutes 1919, and that it was averred in the petition that said deceased left surviving him his said widow and minor children. It appears by the defendant's statement, and the record shows, that a demurrer to said petition was sustained, and that on October 5, 1912, an amended petition was filed in which said minor children, by their next friend, were plaintiffs Defendant filed a motion to strike this amended petition "because the action therein pleaded is not in amendment of the cause of action stated in the original petition, but is a departure therefrom in that it substitutes another and different cause of action claimed and sued for exclusively by the minors in their own right as the children of the deceased, for the cause of action averred in the original petition and therein sued for by the said Bertha Dausch in her own exclusive right as the widow of the deceased." This motion was overruled on November 25, 1912, and thereupon defendant filed its term bill of exceptions preserving an exception to the action of the court in overruling its motion to strike out said amended petition.

On November 29, 1912, defendant filed a demurrer to said amended petition which was sustained. A second amended petition was filed February 1, 1913, in said cause which, on motion, was stricken out. On March 29, 1913, a third amended petition was filed by leave of court and the defendant filed a motion to strike said amended petition because: (1) The third amended petition avers the same cause of action which is set up in the preceding amended petitions filed herein, and is in substance a copy only of the second amended petition heretofore stricken from the files in this cause; (2) it is not an amendment of the cause of action alleged in the original petition, but is a departure therefrom; (3) it states a cause of action in the minors in their own right and not an amendment of the cause of action of the original plaintiff, Bertha Dausch, in her own right. This motion

was sustained on May 9, 1913, whereupon, on June 6, 1913, the court entered judgment reciting: "It appearing from the record that a demurrer to the original petition was sustained by the court and thereafter three successive petitions of the minors named as plaintiffs herein were adjudged insufficient and were stricken from the files; it is therefore ordered and adjudged by the court that the petition herein be dismissed and that treble costs be taxed against the said Bertha Dausch and that execution issue therefor." On May 23, 1913, plaintiffs filed their term bill of exceptions, incorporating the motion to strike said third amended petition and saving exceptions to the order and judgment.

The application for the writ of error shows that William Dausch and Bertha Dausch were not made parties petitioner for the reason that any rights they may have had have become barred by limitation. [Sec. 1487, R. S. 1919.]

To recapitulate: It is contended by the defendant (1) that the third amended petition constituted a departure from the original petition; (2) that for the purpose of determining whether there is a departure the third amended petition must be compared with the original petition and not with the first or second amended petition (citing Purdy v. Pfaff, 104 Mo. App. 331, 78 S. W. 824), and (3) plaintiffs having failed to incorporate the original petition in their bill of exceptions, the action of the trial court in striking from the files the third amended petition on the ground that it constituted a departure from the original cause of action cannot be reviewed by this court.

On the other hand, it is contended by plaintiffs that the demurrer by defendant waived objection to plaintiffs' first amended petition on the ground of departure; that the defendant appeared to said amended petition and that the court erred in striking out plaintiffs' third amended petition and in rendering judgment dismissing their action.

"A plaintiff in a suit cannot predicate his action upon one state of facts, and thereafter by an amendment to his petition inject therein a different cause of action, or substitute a different cause of action for one stated in his original petition, for, that would be a departure, but such objection must be raised before trial by proper motion, otherwise it will be held to have been waived." [Ross v. Mineral Land Co., 162 Mo. 329, 62 S. W. 984.]

The original petition and the second amended petition, not having been called for or incorporated in the bill of exceptions, are abandoned pleadings, and are not before this court for any purpose, and the case stands here as though the first and third amended petitions were the only ones filed in the case. [Wood v. Wells (Mo.), 270 S. W. 334.]

1212

The motion to strike the first amended petition on the ground that it stated a different cause of action than that pleaded in the original petition was the proper procedure to raise the question of departure (Beattie Mfg. Co. v. Gerardi, 166 Mo. 142, (1), 65 S. W. 1035), but it was overruled. The defendant indicated its purpose to stand by  its guns by filing its term bill of exceptions incorporating the motion to strike out said petition, but the original petition was not called for or incorporated therein. The judgment of the court overruling said motion, no matter how erroneous or irregular it may have been, was a solemn adjudication that the amended petition was not a departure, but that it pleaded the identical cause of action pleaded or attempted to be pleaded in the original petition, and was a proper amendment. [Chouteau v. Gibson, 76 Mo. 38; 34 C. J. 746.]

II. The order of the court permitting the filing of the amended petition, made October 5, 1912, recites, *inter alia*, the names and ages of the minor children of William Dausch, deceased, at the time of the amendment, to-wit: Eleanor Dausch, Evelyn Dausch, Bertha Dausch and William Dausch, aged respectively three, nine, eleven and fourteen years, and the appointment of their mother, Bertha Dausch, as their next friend for the purpose of prosecuting the suit, and the filing of the amended petition. The action not having been commenced within six months after the death of William Dausch, the right of action to recover damages for his death was vested in his minor children. [Sec. 4217, R. S. 1919.] Suits by infants may be commenced and prosecuted either: first, by the guardian or curator of such infant, or second, by a next friend appointed for him in such suit. [Sec. 1165, R. S. 1919.] The father being dead, the mother was their natural guardian and curator. [Sec. 371, R. S. 1919.] A suit by a minor may be commenced and prosecuted by his natural guardian where he has no legal guardian. [State ex rel. v. Cox (Mo.), 267 S. W. 382 (6).] For reasons hereinafter stated, it is not necessary to go into the merits of the court's order overruling the motion to strike the amended petition.

III. In defendant's motion to strike the third amended petition it is said that it "avers the same cause of action which is set up in the preceding amended petition filed herein." In other words, the sole contention in this respect is that it is a departure from the original petition. It is not claimed that the third amended petition is a departure from the first amended petition. The trial court found and adjudged that the amended petition pleaded the identical cause of action set up in the original petition. Since things which are equal

to the same thing are equal to each other, it follows that the third amended petition is not a departure from the original petition. Moreover, if for the purpose of this question it be conceded that the amended petition was a departure from the original petition, that was a matter which the defendant could waive. After its motion to strike the first amended petition as a departure was overruled, the defendant, as has been said, filed its term bill of exceptions and saved its exceptions to the ruling. It might have allowed judgment to go upon the amended petition and then have appealed to this court and had the ruling of the trial court reviewed. The defendant had its election to follow the course indicated, or to treat the amended petition as having been properly filed, but could not do both. In this contingency defendant's learned counsel elected to abandon its contention of error in overruling its motion to strike and demurred to the amended petition for the reason that it failed to state facts sufficient to constitute a cause of action. This was a waiver of its former contention and a solemn admission that the amended petition was properly filed (Davis v. Fleming, 253 S. W. 798; 31 Cyc. 337) and for the purpose of the demurrer admitted every allegation in the petition. [Randolph v. Wheeler, 182 Mo. 154, 81 S. W. 419.] It was an appearance to the cause of action pleaded in the amended petition as fully as if defendant had pleaded to the merits. [State ex rel. v. Landon, 304 Mo. 661, 265 S. W. 529.] The defendant must abide by its election; it cannot blow hot and cold; it cannot appear to the amended petition and disappear when it might be convenient to do so. Therefore, if it were conceded that the amended petition was a departure, the defendant having voluntarily appeared and demurred to it, it was error to strike out the third amended petition on the theory that it was a departure from the original petition, it being conceded that it pleads the identical cause of action declared on in the first amended petition. In such case the original petition was *functus officio* and the third amended petition must be tested by reference to the first amended petition (Walker v. Railroad, 193 Mo. 453 (6), 472-3, 92 S. W. 83) even though defendant had previously excepted to the court's ruling and filed its bill of exceptions. [Liese v. Meyer, 143 Mo. 547 (4), 556, 45 S. W. 282.] The judgment is reversed and the cause remanded for further proceedings. *Davis* and *Henwood, CC.,* concur.

PER CURIAM:—The foregoing opinion by HIGBEE, C., is adopted as the opinion of the court. All of the judges concur. Opinion modified; motion for rehearing overruled.