L. L. DeLisle, Administrator of the Estate of Geraldine DeLisle, Appellant, v. Merrill Spitler.—162 S. W. (2d) 854.

Division Two, June 17, 1942.

650

*J. Grant Frye* for appellant.

*Oliver & Oliver* for respondent.

LEEDY, J.—The trial court sustained defendant's motion to strike plaintiff's second amended petition and to dismiss. Plaintiff refused to plead further, and judgment for defendant was entered, and plaintiff appealed.

The action was begun in the Circuit Court of New Madrid County on April 17, 1937, by the filing of a petition against the trustees of the St. Louis-San Francisco Railway Company and Merrill Spitler as defendants. It grows out of the alleged wrongful death of plaintiff's decedent who, as a passenger riding in an automobile driven by defendant Spitler, is alleged to have sustained mortal injuries when said automobile collided with a Frisco passenger train in Portageville on February 9, 1937, and as a result of which she died on February 14, 1937. The case was voluntarily dismissed as to the trustees of the railway company on December 13, 1937, on which date plaintiff filed an amended petition as to the remaining defendant, Spitler, designated as "First Amended Petition." Defendant demurred thereto, which was overruled. Whereupon defendant answered, and plaintiff filed reply. On June 7, 1939, after a jury was empaneled and sworn to try the cause, and the testimony heard in part, plaintiff was granted leave to file an amended petition; the submission of the cause was set aside, the jury discharged, and cause continued. Thereafter on June 30, 1939, plaintiff, pursuant to leave, filed his "Second Amended Petition," the subject of the present controversy. Thereafter defendant filed his motion to dismiss and to strike said amended petition from the files. On January 17, 1940, on defendant's application, a change of venue was ordered, and the cause transferred to Mississippi County, after which defendant filed his second motion to dismiss and to strike from the files plaintiff's second amended petition. The latter motion was sustained, judgment entered, and this appeal followed under the circumstances set forth in the first paragraph hereof.

The single assignment is the court erred in striking out and dismissing plaintiff's second amended petition on the ground of departure, and on the ground that the cause of action therein alleged

652

was barred by the statute of limitations. The case is here on the record proper, no motion for new trial or bill of exceptions having been filed. In this situation defendant contends that the assignment of error with respect to the court's action on the ground of the motion setting up departure is not before us, for the reason the motion to dismiss (at least as to said ground) and the abandoned petition can only be made a part of the record, and thus preserved for appellate review, by bill of exceptions. We think the position must be sustained. "An abandoned petition is not part of the record proper and can only become a part of the record on appeal by being preserved in a bill of exceptions." [Reinker v. Wesche (Mo.), 117 S. W. (2d) 334, citing Spotts v. Spotts, 331 Mo. 917, 55 S. W. (2d) 977, 87 A. L. R. 660, and cases therein cited.]¡

Plaintiff concedes that only the record proper can be reviewed in the absence of a bill of exceptions, but takes the position that a prior petition is not abandoned "so long as there is a fight over the pleadings so that it is necessary to consider the prior pleadings." No authorities are cited ▇▇▇ in support of this proposition, nor do we think it sound on principle. "The rules of procedure which govern the action of the trial court and of this court must be enforced if we would have a regular, orderly, and authentic record upon which to base our judgments." [Home Ins. Co. v. Missouri Power & Light Co., 327 Mo. 1201, 39 S. W. (2d) 1039.] Boyd v. St. Louis Brewing Assn., 318 Mo. 1206, 5 S. W. (2d) 46, is an example of the recognized mode of procedure to review action striking out a petition on the ground of departure, and rendering judgment for defendant, i. e., by preserving the alleged errors by bill of exceptions. In that case, the original and second amended petitions were not called for or incorporated in the bill of exceptions. Of them the court said they were "abandoned pleadings, and are not before this court for any purpose, and the case stands here as though the first and third amended petitions were the only ones filed in the case," citing Wood v. Wells (Mo.), 270 S. W. 332. Moreover, the motion, insofar as the question of departure is concerned, cannot be treated as a demurrer because, under repeated holdings, that ground is not a matter reached by demurrer. [Reinker v. Wesche, supra, and cases cited therein.]

Plaintiff further contends that if the abandoned petition is not before the court, but only the second amended petition, then, "on the face of the record, this judgment should be reversed because defendant's 'Motion to Dismiss' is nothing more than a demurrer to the Second Amended Petition on the ground that the cause of action is barred by the Statute of Limitations." ·Conceding that we may treat as a demurrer that portion of the motion in relation to the bar of the statute of limitations, and that it is properly before us for review without a bill of exceptions, and further conceding (but only by way of illustration) that the court improperly held the

action barred, plaintiff would not be entitled to a reversal for the reason his proposition presupposes error in, or at least omits consideration of, the ruling of the court on the issue of departure. Having held that the latter question is not before us for review, it follows that, reluctant as we are to dispose of a case otherwise than on its merits, the judgment must be affirmed. It is so ordered. All concur.